**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                             **Case No.: 2:10-cr-00089**

**CHARLES R. ENGLE,**

        **Defendant.**

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

Defendant Charles R. Engle, through counsel, submits these proposed jury instructions.

The tender of these instructions is made without waiver by Defendant of his right to object to the introduction of any evidence at trial or to assert any legal position or right which accrues to him under federal law.  Defendant requests that the following instructions be given should any of the issues in the case be submitted to the jury.  Defendant respectfully reserves the right to supplement or amend these proposed instructions to conform to the evidence at trial or the issues submitted to the jury.

Respectfully submitted,

**CHARLES R. ENGLE**

By:    /s/ Hunter W. Sims, Jr.
               Of Counsel

Hunter W. Sims, Jr., Esquire  (VSB #. 09218)
E-mail:  hwsims@kaufcan.com
Patrick H. O'Donnell, Esquire (VSB # 29637)
E-mail:  phodonnell@kaufcan.com
Kaufman & Canoles, P. C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone:  757/ 624-3000
Fax:      757/ 624-3169
**_Counsel for Defendant Charles R. Engle_**

Paul K. Sun, Jr., Esquire
N.C. Bar No. 16847 (admitted *pro hac vice*)
paul.sun@elliswinters.com
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
Phone: 919/865-7000
Fax: 919/865-7010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of September 2010, a true copy of the foregoing

***Defendant's Request for Jury Instructions*** has been electronically filed with the Clerk of Court

using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joseph Kosky, Esquire
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA  23510
Phone:  757/441-6331
Fax:      757/441-3205
E-mail address:  joseph.kosky@usdoj.gov
***Counsel for Plaintiff United States of America***


                              /s/ Hunter W. Sims, Jr.
                    Hunter W. Sims, Jr., Esquire  (VSB #. 09218)
                    E-mail:  hwsims@kaufcan.com
                    Patrick H. O'Donnell, Esquire (VSB # 29637)
                    E-mail:  phodonnell@kaufcan.com
                    Kaufman & Canoles, P. C.
                    150 West Main Street, Suite 2100
                    Norfolk, VA 23510
                    Phone:  757/624-3000
                    Fax:      757/624-3169
                    ***Counsel for Defendant Charles R. Engle***


                    Paul K. Sun, Jr., Esquire
                    N.C. Bar No. 16847 (admitted *pro hac vice*)
                    paul.sun@elliswinters.com
                    Ellis & Winters LLP
                    P.O. Box 33550
                    Raleigh, NC 27636
                    Phone: 919/865-7000
                    Fax: 919/865-7010

TABLE OF CONTENTS

I.      INSTRUCTIONS AT THE BEGINNING OF TRIAL
        1.      OPENING INSTRUCTION
II.     INSTRUCTIONS DURING THE TRIAL (IF APPROPRIATE)
        2.      THE INDICTMENT IS NOT EVIDENCE
        3.      EVIDENCE RECEIVED IN THE CASE- STIPULATIONS, JUDICIAL
                NOTICE, AND INFERENCES PERMITTED
        4.      OBJECTIONS AND RULINGS
        5.      EVIDENCE FOR A LIMITED PURPOSE
        6.      PROOF OF KNOWLEDGE OR INTENT – RULE 404(B) EVIDENCE
        7.      "EXPERT" TESTIMONY
        8.      TYPEWRITTEN TRANSCRIPTS OF TAPE-RECORDED CONVERSATIONS
III.    FINAL INSTRUCTIONS
        9.      INTRODUCTION TO THE FINAL CHARGE- PROVINCE OF THE COURT
                AND OF THE JURY
        10      PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND
                REASONABLE DOUBT
        11.     CAUTION—CONSIDER ONLY CRIME CHARGED
        12.     THE GOVERNMENT AS A PARTY
        13.     JUDGING THE EVIDENCE
        14.     CREDIBILITY OF ORDINARY WITNESS
        15.     INTEREST IN OUTCOME
        16.     LAW ENFORCEMENT WITNESS
        17.     CREDIBILITY OF WITNESSES- INCONSISTENT STATEMENT
        18.     [CREDIBILITY OF A WITNESS- ACCOMPLICE]
        19.     BIAS AND HOSTILITY
        20.     IMPEACHMENT BY PRIOR CONVICTIONS (WITNESS OTHER THAN
                DEFENDANT)
        21.     DEFENDANT WHO PRESENTS EVIDENCE
        22.     [IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO
                TESTIFY]
        23.     TYPEWRITTEN TRANSCRIPTS OF TAPE-RECORDED CONVERSATIONS
        24.     CONSIDER EACH COUNT OF INDICTMENT SEPARATELY
        25.     COUNT 1: THE NATURE OF THE OFFENSE CHARGED
        26.     COUNT 1: THE STATUTE DEFINING THE OFFENSE CHARGED
        27.     COUNT 1: THE ESSENTIAL ELEMENTS OF THE OFFENCE CHARGED
        28.     COUNT 1: "FINANCIAL INSTITUTION"—DEFINED
        29.     COUNTS 2-10: THE NATURE OF THE OFFENSE CHARGED
        30.     COUNTS 2-10: THE STATUTE DEFINING THE OFFENSE CHARGED
        31.     COUNTS 2-10: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED
        32.     COUNTS 2-10: "TRANSMITS BY MEANS OF WIRE, RADIO, OR
                TELEVISION COMMUNICATION IN INTERSTATE COMMERCE"—

DEFINED
33.    COUNTS 11-12: THE NATURE OF THE OFFENSE CHARGED
34.    COUNTS 11-12: THE STATUTE DEFINING THE OFFENSE CHARGED
35.    COUNTS 11-12: THE ESSENTIAL ELEMENTS OF THE OFFENSE
       CHARGED
36.    COUNTS 11-12: USE OF THE MAILS OR INTERSTATE COMMERCE—
       DEFINED
37.    COUNTS 1-12: "ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "FALSE
       OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES"—
       DEFINED
38.    COUNTS 1-12: INTENT TO DEFRAUD—DEFINED
39.    COUNTS 1-12: THE GOOD FAITH DEFENSE—DEFINED
40.    COUNTS 13-14: THE NATURE OF THE OFFENSE CHARGED
41.    COUNTS 13-14: THE STATUTE DEFINING THE OFFENSE CHARGED
42.    COUNTS 13-14: THE ESSENTIAL ELEMENTS OF THE OFFENSE
       CHARGED
43.    COUNTS 13-14: "FINANCIAL INSTITUTION" DEFINED
44.    COUNT 15: THE NATURE OF THE OFFENSE CHARGED
45.    COUNT 15: THE STATUTE DEFINING THE OFFENSE CHARGED
46.    COUNT 15: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED
47.    COUNT 15: "FINANCIAL TRANSACTION"—DEFINED
48.    COUNT 15: KNOWLEDGE
49.    EACH ELEMENT MUST BE ESTABLISHED BEYOND A REASONABLE
       DOUBT
50.    VERDICT-ELECTION OF FOREPERSON-DUTY TO DELIBERATE-
       UNANIMITY-COMMUNICATION WITH THE COURT

JURY INSTRUCTION NO. 1
OPENING INSTRUCTION

MEMBERS OF THE JURY,

WHAT I WILL NOW SAY IS INTENDED TO SERVE AS AN INTRODUCTION TO THE ENTIRE TRIAL OF THIS CASE. IT IS NOT A SUBSTITUTE FOR THE DETAILED INSTRUCTIONS ON THE LAW WHICH I WILL GIVE TO YOU AT THE END OF THE CASE AND BEFORE YOU RETIRE TO DELIBERATE ON YOUR VERDICT.

DURING THE TRIAL AND BEGINNING WITH THESE PRELIMINARY INSTRUCTIONS YOU WILL HEAR ME USE A FEW TERMS WHICH YOU MAY NOT HAVE HEARD BEFORE. LET ME NOW BRIEFLY EXPLAIN SOME OF THE MOST COMMON TO YOU. YOU WILL SOMETIMES HEAR ME REFER TO "COUNSEL."  "COUNSEL" IS ANOTHER WAY OF SAYING "LAWYERS" OR "ATTORNEYS."  I WILL SOMETIMES REFER TO MYSELF AS THE "COURT."  THE PROSECUTION AND THE DEFENDANT ARE SOMETIMES CALLED THE "PARTIES" TO THIS CASE.

WHEN I "SUSTAIN" AN OBJECTION, I AM EXCLUDING THAT EVIDENCE FROM THIS TRIAL FOR GOOD REASON. WHEN YOU HEAR THAT I HAVE "OVERRULED" AN OBJECTION, I AM PERMITTING THAT EVIDENCE TO BE ADMITTED.

WHEN WE SAY "ADMITTED INTO EVIDENCE" OR "RECEIVED INTO EVIDENCE" WE MEAN THAT THIS PARTICULAR STATEMENT OR THIS PARTICULAR EXHIBIT IS NOW PART OF THE TRIAL AND MAY BE CONSIDERED BY YOU IN MAKING THE DECISIONS YOU MUST MAKE AT THE CLOSE OF THIS CASE.

THE TERM "BURDEN OF PROOF" OR "SUSTAINING ITS BURDEN OF PROOF"

REFERS, IN THIS TRIAL, TO THE GOVERNMENT'S OBLIGATION TO PRODUCE PROOF

BEYOND A REASONABLE DOUBT OF THE CHARGES IN THE INDICTMENT.

*THE INDICTMENT; THE PRESUMPTION OF INNOCENCE; ELEMENTS OF THE*

*OFFENSES*

THIS IS A CRIMINAL CASE COMMENCED BY THE UNITED STATES, WHICH I

MAY SOMETIMES REFER TO AS "THE PROSECUTION" AND SOMETIMES AS "THE

GOVERNMENT," AGAINST CHARLES R. ENGLE, TO WHOM I MAY REFER TO AS THE

DEFENDANT. THE CASE IS INITIATED BY WAY OF AN INDICTMENT, WHICH IS

SUMMARIZED AS FOLLOWS:

THE GOVERNMENT CONTENDS THAT DEFENDANT CHARLES R. ENGLE, ALONG

WITH OTHERS BOTH KNOWN AND UNKNOWN, DEVISED A SCHEME TO DEFRAUD

CERTAIN FINANCIAL INSTITUTIONS BY MAKING, OR HAVING MADE, MATERIALLY

FALSE AND FRAUDULENT STATEMENTS IN CONNECTION WITH THREE MORTGAGE

LOAN APPLICATIONS. THE GOVERNMENT FURTHER CONTENDS THAT ON NINE

SEPARATE OCCASIONS, ENGLE USED A WIRE COMMUNICATION TO FURTHER A

SCHEME TO DEFRAUD AND OBTAIN MONEY BY MEANS OF MATERIAL FALSE OR

FRAUDULENT STATEMENTS AND THAT ON TWO OTHER OCCASIONS, ENGLE USED

THE MAILS TO FURTHER SUCH A SCHEME. FINALLY, THE GOVERNMENT CONTENDS

THAT ENGLE KNOWINGLY CONDUCTED OR ATTEMPTED TO CONDUCT A SPECIFIC

FINANCIAL TRANSACTION INVOLVING THE PROCEEDS OF UNLAWFUL ACTIVITY FOR

THE PURPOSE OF FURTHERING SPECIFIED UNLAWFUL ACTIVITY. THE GOVERNMENT

ALSO CONTENDS THAT, IF ENGLE IS CONVICTED OF ANY OF THE OFFENSES SET

FORTH IN THE INDICTMENT, HE SHOULD HAVE TO FORFEIT ANY MONEY OR PROPERTY DERIVED AS A RESULT OF THE OFFENSES.

YOU SHOULD UNDERSTAND THAT THE INDICTMENT IS SIMPLY A CHARGE BY THE GOVERNMENT TO BEGIN A CASE AND THAT IT IS NOT, IN ANY SENSE, EVIDENCE OF THE ALLEGATIONS OR STATEMENTS IT CONTAINS.

CHARLES R. ENGLE, THE DEFENDANT, HAS PLEADED "NOT GUILTY" TO THE INDICTMENT. HE CONTENDS THAT HE IS NOT GUILTY OF ANY OF THE OFFENSES CHARGED.

THE GOVERNMENT HAS THE BURDEN OR OBLIGATION TO PROVE EACH OF THE ESSENTIAL ELEMENTS OF THE CRIMES CHARGED IN THE INDICTMENT TO YOU BEYOND A REASONABLE DOUBT. THE PURPOSE OF THIS TRIAL IS TO DETERMINE WHETHER OR NOT THE GOVERNMENT CAN MEET THIS BURDEN OR OBLIGATION.

I INSTRUCT YOU THAT YOU MUST PRESUME THAT CHARLES R. ENGLE, THE DEFENDANT, IS NOT GUILTY OF THE CRIMES CHARGED IN THE INDICTMENT.

TO HELP YOU ANALYZE THE EVIDENCE AS YOU HEAR IT AT TRIAL, I WILL GIVE YOU NOW A PRELIMINARY SUMMARY OF THE INDIVIDUAL ELEMENTS OF THE CRIMES CHARGED WHICH THE GOVERNMENT IS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT:

COUNT 1 OF THE INDICTMENT CHARGES THAT DEFENDANT CHARLES R. ENGLE, AND OTHERS BOTH KNOWN AND UNKNOWN, KNOWINGLY AND UNLAWFULLY DEVISED AND EXECUTED A SCHEME AND ARTIFICE TO DEFRAUD HSBC BANK AND SHORE BANK AND TO OBTAIN MONIES, FUNDS, CREDITS, ASSETS,

SECURITIES, AND OTHER PROPERTY OWNED BY OR UNDER THE CUSTODY AND CONTROL OF THESE BANKS BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS, AND PROMISES.

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF BANK FRAUD, AS ALLEGED IN COUNT 1 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY EXECUTED A SCHEME OR ARTIFICE TO DEFRAUD AND OBTAIN THE MONEY, FUNDS OR OTHER PROPERTY OWNED BY OR UNDER THE CONTROL OF HSBC AND SHORE BANK, FINANCIAL INSTITUTIONS AS DETAILED IN COUNT 1 OF THE INDICTMENT.

*TWO:* DEFENDANT CHARLES ENGLE EXECUTED THE SCHEME WITH THE INTENT TO DEFRAUD; AND

*THREE:* HSBC AND SHORE BANK WERE FINANCIAL INSTITUTIONS AS DEFINED BY FEDERAL LAW.

COUNTS 2 THROUGH 10 OF THE INDICTMENT CHARGE THAT, HAVING DEVISED THE AFOREMENTIONED SCHEME TO DEFRAUD AND OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES, DEFENDANT CHARLES ENGLE USED A WIRE COMMUNICATION FACILITY IN INTERSTATE COMMERCE IN ORDER TO ADVANCE OR FURTHER THE SCHEME OR PLAN TO DEFRAUD OR OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF WIRE

FRAUD, AS ALLEGED IN COUNTS 2 THROUGH 10 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY DEVISED OR KNOWINGLY PARTICIPATED IN A SCHEME OR ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF MATERIAL FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS DETAILED IN COUNTS 2–10 OF THE INDICTMENT;

*TWO:* THE PRETENSES, REPRESENTATIONS OR PROMISES MADE WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON TO PART WITH MONEY OR PROPERTY;

*THREE:* DEFENDANT CHARLES R. ENGLE DEVISED OR PARTICIPATED IN THE SCHEME WITH THE INTENT TO DEFRAUD; AND

*FOUR:* IN ADVANCING, OR FURTHERING, OR CARRYING OUT THIS SCHEME, DEFENDANT CHARLES R. ENGLE TRANSMITTED ANY WRITING, SIGNAL, OR SOUND BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE OR CAUSED THE TRANSMISSION OF ANY WRITING, SIGNAL, OR SOUND OF SOME KIND BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE.

COUNTS 13 AND 14 OF THE INDICTMENT CHARGE THAT, HAVING DEVISED THE AFOREMENTIONED SCHEME TO DEFRAUD AND OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS

AND PROMISES, DEFENDANT CHARLES ENGLE USED THE UNITED STATES MAILS OR A PRIVATE OR COMMERCIAL INTERSTATE CARRIER TO ADVANCE OR FURTHER THE SCHEME TO DEFRAUD AND OBTAIN MONEY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF MAIL FRAUD, AS CHARGED IN COUNTS 13 AND 14 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE*: DEFENDANT CHARLES R. ENGLE KNOWINGLY DEVISED OR KNOWINGLY PARTICIPATED IN A SCHEME OR ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, AS DETAILED IN COUNTS 13 AND 14 OF THE INDICTMENT;

*TWO*: THE PRETENSES, REPRESENTATIONS, OR PROMISES WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON TO PART WITH MONEY OR PROPERTY;

*THREE*: DEFENDANT CHARLES R. ENGLE DEVISED OR PARTICIPATED IN THE SCHEME WITH THE INTENT TO DEFRAUD; AND

*FOUR*: IN ADVANCING, OR FURTHERING, OR CARRYING OUT THIS SCHEME TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, DEFENDANT CHARLES R. ENGLE USED THE MAILS OR CAUSED THE MAILS TO BE USED.

COUNT 15 OF THE INDICTMENT CHARGES THAT DEFENDANT CHARLES R.

ENGLE KNOWINGLY CONDUCTED A FINANCIAL TRANSACTION INVOLVING THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY FOR THE PURPOSE OF FURTHERING SPECIFIED UNLAWFUL ACTIVITY.

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF MONEY LAUNDERING, AS CHARGED IN COUNT 15 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY CONDUCTED OR ATTEMPTED TO CONDUCT A FINANCIAL TRANSACTION;

*TWO:* THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION IN FACT INVOLVED THE PROCEEDS OF VIOLATIONS OF TITLE 18 U.S.C. SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344 (BANK FRAUD);

*THREE:* DEFENDANT CHARLES R. ENGLE KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY;

*FOUR:* THE DEFENDANT ENGAGED IN THE FINANCIAL TRANSACTION WITH THE INTENT TO PROMOTE THE CARRYING ON OF VIOLATIONS OF TITLE 18 U.S.C. SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344 (BANK FRAUD).

AT THE CONCLUSION OF THE TRIAL, AFTER YOU HAVE HEARD ALL OF THE EVIDENCE AND AFTER I HAVE HAD AN OPPORTUNITY TO CONFER WITH THE

LAWYERS, I WILL GIVE YOU THE FINAL AND CONTROLLING STATEMENT AS TO WHAT THE ELEMENTS OF THE CRIMES ARE. I AM GIVING YOU THIS PRELIMINARY SUMMARY NOW TO HELP YOU AS YOU HEAR THE EVIDENCE AND SEE THE EXHIBITS.

*ORDER OF TRIAL*

THE TRIAL WILL PROCEED IN THE FOLLOWING ORDER:

FIRST: THE PARTIES HAVE THE OPPORTUNITY TO MAKE OPENING STATEMENTS. THE GOVERNMENT MAY MAKE AN OPENING STATEMENT AT THE BEGINNING OF THE CASE. THE DEFENDANT MAY MAKE AN OPENING STATEMENT FOLLOWING THE OPENING STATEMENT FOR THE GOVERNMENT OR MAY POSTPONE THE MAKING OF AN OPENING STATEMENT UNTIL THE CLOSE OF THE GOVERNMENT'S CASE. THE DEFENDANT IS NOT OBLIGATED TO MAKE AN OPENING STATEMENT. WHAT IS SAID IN THE OPENING STATEMENTS IS NOT EVIDENCE. THE OPENING STATEMENTS SIMPLY SERVE AS AN INTRODUCTION TO THE EVIDENCE THAT THE PARTY MAKING THE OPENING STATEMENT INTENDS TO PRODUCE DURING THE TRIAL.

SECOND: AFTER ANY OPENING STATEMENTS, THE GOVERNMENT WILL INTRODUCE EVIDENCE WHICH IT FEELS SUPPORTS THE CHARGES CONTAINED IN THE INDICTMENT.

THIRD: AFTER THE GOVERNMENT HAS PRESENTED ITS EVIDENCE, THE DEFENDANT MAY PRESENT EVIDENCE, BUT HE IS NOT OBLIGED TO DO SO. THE BURDEN OR OBLIGATION, AS YOU WILL BE TOLD MANY TIMES DURING THE COURSE OF THIS TRIAL, IS ALWAYS ON THE GOVERNMENT TO PROVE EACH AND EVERY

ELEMENT OF THE OFFENSES CHARGED BEYOND REASONABLE DOUBT. THE LAW NEVER IMPOSES ON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OF CALLING ANY WITNESSES, PRODUCING ANY EXHIBITS, OR INTRODUCING ANY EVIDENCE. A DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CHARGES.

FOURTH: AFTER ALL OF THE EVIDENCE HAS BEEN RECEIVED – IN OTHER WORDS, AFTER ALL OF THE WITNESSES HAVE TESTIFIED AND AFTER ALL OF THE EXHIBITS HAVE BEEN ADMITTED – EACH PARTY WILL BE GIVEN THE OPPORTUNITY TO PRESENT ARGUMENT TO YOU IN SUPPORT OF ITS CASE. THIS IS CALLED CLOSING ARGUMENT. WHAT IS SAID IN CLOSING ARGUMENT IS NOT EVIDENCE, JUST AS WHAT IS SAID IN THE OPENING STATEMENTS IS NOT EVIDENCE. THE CLOSING ARGUMENTS ARE DESIGNED TO PRESENT TO YOU THE THEORIES AND CONCLUSIONS OF THE PARTIES AS TO WHAT THE EVIDENCE HAS SHOWN AND WHAT INFERENCES MAY BE DRAWN FROM THE EVIDENCE.

FIFTH: AFTER YOU HAVE HEARD THE CLOSING ARGUMENTS OF ALL PARTIES, I WILL GIVE YOU ORALLY THE FINAL INSTRUCTIONS CONCERNING THE LAWS WHICH YOU MUST APPLY TO THE EVIDENCE RECEIVED DURING THE TRIAL. THOSE INSTRUCTIONS WILL BE MUCH MORE DETAILED THAN THESE I AM GIVING YOU NOW. YOU WILL THEN RETIRE TO CONSIDER YOUR VERDICT. YOUR DELIBERATIONS ARE SECRET. YOU WILL NOT BE REQUIRED TO EXPLAIN YOUR VERDICT TO ANYONE. YOUR VERDICT MUST BE UNANIMOUS: ALL TWELVE OF YOU MUST AGREE TO IT.

SIXTH: YOU MUST KEEP AN OPEN MIND TO BOTH SIDES DURING THIS TRIAL. AS YOU KNOW, THERE ARE GENERALLY TWO SIDES TO MOST STORIES AND YOU

MUST NOT MAKE UP YOUR MIND ABOUT ANY OF THE QUESTIONS IN THIS CASE UNTIL YOU HAVE HEARD EACH PIECE OF EVIDENCE AND ALL OF THE LAW WHICH YOU MUST APPLY TO THAT EVIDENCE—IN OTHER WORDS, UNTIL YOU BEGIN YOUR DELIBERATIONS.

*DUTY OF THE JURY; DUTY OF THE COURT; EVIDENCE*

YOUR PURPOSE AS JURORS IS TO FIND AND DETERMINE THE FACTS. UNDER OUR SYSTEM OF JUSTICE YOU ARE THE SOLE JUDGE OF THE FACTS. IF AT ANY TIME I SHOULD MAKE ANY COMMENT REGARDING THE FACTS, OR YOU THINK I AM MAKING SOME COMMENT ON A PIECE OF EVIDENCE, YOU ARE FREE TO DISREGARD IT TOTALLY. IT IS ESPECIALLY IMPORTANT THAT YOU PERFORM YOUR DUTY OF DETERMINING THE FACTS DILIGENTLY AND CONSCIENTIOUSLY BECAUSE ORDINARILY THERE IS NO MEANS OF CORRECTING AN ERRONEOUS DETERMINATION OF THE FACTS BY A JURY.

ON THE OTHER HAND, AND WITH EQUAL EMPHASIS, I INSTRUCT YOU THAT THE LAW AS GIVEN BY THE COURT IN THESE AND OTHER INSTRUCTIONS CONSTITUTE THE ONLY LAW FOR YOUR GUIDANCE. IT IS YOUR DUTY TO ACCEPT AND TO FOLLOW THE LAW AS I GIVE IT TO YOU EVEN THOUGH YOU MAY DISAGREE WITH THE LAW.

YOU ARE TO DETERMINE THE FACTS SOLELY FROM THE EVIDENCE ADMITTED IN THE CASE. THIS EVIDENCE CONSISTS OF THE TESTIMONY OF WITNESSES AND EXHIBITS RECEIVED. QUESTIONS ASKED BY THE LAWYERS ARE NOT EVIDENCE, FOR THE EVIDENCE CONSISTS OF THE WITNESSES' ANSWERS TO THE QUESTIONS NOT

THE QUESTIONS THEMSELVES. AS SAID EARLIER, STATEMENTS AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE.  IT IS ALWAYS UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS ARE ESTABLISHED BY THE EVIDENCE AND WHAT INFERENCES ARE TO BE DRAWN FROM THE EVIDENCE.

THE PARTIES MAY SOMETIMES PRESENT OBJECTIONS TO SOME OF THE TESTIMONY OR EXHIBITS. IT IS THE DUTY OF A LAWYER TO OBJECT TO EVIDENCE WHICH HE OR SHE BELIEVES MAY NOT PROPERLY BE RECEIVED OR ADMITTED AND YOU SHOULD NOT BE PREJUDICED IN ANY WAY AGAINST A LAWYER WHO MAKES OBJECTIONS OR AGAINST THE PARTY HE OR SHE REPRESENTS. AN OBJECTION IS THE ONLY PROPER METHOD OF REQUESTING A RULING FROM THE COURT CONCERNING EVIDENCE. AT TIMES I MAY SUSTAIN OBJECTIONS OR DIRECT THAT YOU DISREGARD CERTAIN TESTIMONY OR EXHIBITS. YOU MUST NOT CONSIDER ANY EVIDENCE TO WHICH AN OBJECTION HAS BEEN SUSTAINED OR WHICH I HAVE INSTRUCTED YOU TO DISREGARD.

DO NOT READ ANY NEWS ACCOUNTS ABOUT THIS CASE IN ANY NEWSPAPER OR WATCH ANY SUCH NEWS ACCOUNTS ON TELEVISION OR LISTEN TO ANY SUCH NEWS ACCOUNTS ON THE RADIO. YOU MUST NOT CONSIDER ANYTHING YOU MAY HAVE READ OR HEARD ABOUT THE CASE OUTSIDE OF THIS COURTROOM WHETHER BEFORE OR DURING THE TRIAL OR DURING YOUR DELIBERATIONS. DO NOT ATTEMPT ANY INDEPENDENT RESEARCH OR INVESTIGATION ABOUT THIS MATTER. YOUR DECISION IN THIS CASE MUST BE BASED SOLELY AND EXCLUSIVELY UPON THE EVIDENCE RECEIVED DURING THIS TRIAL AND NOT UPON ANYTHING ELSE.

YOU MAY HAVE ALREADY HEARD THE TERMS "DIRECT EVIDENCE" AND "CIRCUMSTANTIAL EVIDENCE." "DIRECT EVIDENCE" IS GENERALLY THE TESTIMONY OF A PERSON WHO CLAIMS TO HAVE ACTUAL AND DIRECT KNOWLEDGE OF A FACT—FOR EXAMPLE, THE TESTIMONY OF AN EYE WITNESS WHO CLAIMS TO HAVE SEEN AN EVENT. "CIRCUMSTANTIAL EVIDENCE" IS GENERALLY TESTIMONY OF A CHAIN OF FACTS WHICH MAY LEAD TO A CONCLUSION OF SOME KIND. IN ANY EVENT, THE LAW MAKES NO DISTINCTION BETWEEN "DIRECT EVIDENCE" AND "CIRCUMSTANTIAL EVIDENCE." IN CONSIDERING THE EVIDENCE HERE IN THIS TRIAL YOU SHOULD GIVE IT SUCH WEIGHT OR IMPORTANCE AS YOU THINK IT DESERVES WHETHER IT IS CALLED "DIRECT" OR "CIRCUMSTANTIAL" EVIDENCE AND MAKE THE DEDUCTIONS AND REACH THE CONCLUSIONS TO WHICH YOUR EXPERIENCE AND COMMON SENSE LEAD.

IN ATTEMPTING TO DETERMINE THE FACTS IN THIS CASE YOU MAY BE CALLED UPON TO JUDGE THE CREDIBILITY OF THE WITNESSES WHO TESTIFY IN THIS TRIAL. IN DECIDING WHETHER OR NOT TO BELIEVE WHAT A WITNESS HAS SAID, I SUGGEST THAT YOU CONSIDER THE INTELLIGENCE OF THE WITNESS, THE ABILITY OF THE WITNESS TO HAVE SEEN OR HEARD WHAT THE WITNESS SAID WAS SEEN OR HEARD, THE ABILITY OF THE WITNESS TO REMEMBER WHAT HAPPENED, ANY INTEREST THAT THE WITNESS MIGHT HAVE IN HOW THIS CASE IS DECIDED, AND WHETHER THE TESTIMONY IS REASONABLE. YOU ARE FREE TO BELIEVE ALL OF WHAT A WITNESS OR EXHIBIT SAYS, SOME OF IT, OR NONE OF IT. I WILL

ADDRESS THIS SUBJECT AGAIN AFTER YOU HAVE HEARD ALL OF THE EVIDENCE IN THE TRIAL.

NO STATEMENT, RULING, REMARK, OR COMMENT WHICH I MAY MAKE DURING THE COURSE OF THE TRIAL IS INTENDED TO INDICATE MY OPINION AS TO HOW YOU SHOULD DECIDE THE CASE OR IS INTENDED TO INFLUENCE YOU IN ANY WAY IN YOUR DETERMINATION OF THE FACTS. AT TIMES I MAY ASK QUESTIONS OF WITNESSES. IF I DO SO, IT IS FOR THE PURPOSE OF BRINGING OUT MATTERS WHICH I FEEL SHOULD BE BROUGHT OUT AND NOT IN ANY WAY TO INDICATE MY OPINION ABOUT THE FACTS OR TO INDICATE THE WEIGHT I FEEL YOU SHOULD GIVE TO THE TESTIMONY OF THE WITNESS SO QUESTIONED. I MAY ALSO FIND IT NECESSARY TO ADMONISH THE LAWYERS AND, IF I DO, YOU SHOULD NOT SHOW PREJUDICE TOWARD A LAWYER OR THE CLIENT OF THAT LAWYER BECAUSE I HAVE FOUND IT NECESSARY TO CORRECT HIM OR HER.

AT TIMES DURING THIS TRIAL IT WILL BE IMPORTANT FOR ME TO CONFER PRIVATELY WITH THE LAWYERS AND OTHERS ABOUT VARIOUS EVIDENTIARY AND PROCEDURAL ISSUES. DURING THESE CONFERENCES—BOTH HERE AT THE BENCH AND IN MY CHAMBERS—IT IS NOT OUR INTENTION TO HIDE ANYTHING FROM YOU, BUT SIMPLY TO DETERMINE HOW CERTAIN ISSUES WILL BE HANDLED. PLEASE BE PATIENT WITH US DURING ANY SUCH DELAYS. WE ARE ONLY TAKING CARE TO INSURE THAT THE TRIAL IS BEING CONDUCTED FAIRLY.

AT TIMES YOU WILL ALSO BE REQUIRED TO WAIT IN YOUR JURY ROOM WHILE I AM REQUIRED TO HEAR AND DECIDE OTHER MATTERS FROM OTHER CASES NOT

CONNECTED WITH THIS ONE. THESE DELAYS ARE UNAVOIDABLE. I DO EVERYTHING I CAN TO KEEP THESE INTERRUPTIONS TO A MINIMUM, BUT CAN NEVER AVOID THEM ENTIRELY. PLEASE BE PATIENT.

YOU ARE NOT TO CONCERN YOURSELF IN ANY WAY WITH THE SENTENCE WHICH A DEFENDANT MIGHT RECEIVE IF YOU SHOULD FIND HIM GUILTY. YOUR FUNCTION IS SOLELY TO DECIDE WHETHER THE GOVERNMENT HAS SUSTAINED OR CARRIED ITS BURDEN OF PROVING THE CHARGES TO YOU BEYOND A REASONABLE DOUBT. IF, AND ONLY IF, YOU FIND A DEFENDANT GUILTY OF THE CHARGES, WILL IT BECOME THE DUTY OF THE COURT TO PRONOUNCE SENTENCE.

THE ATTORNEYS AND THE PARTIES WILL NOT SPEAK WITH YOU BECAUSE I HAVE ALREADY INSTRUCTED THEM THAT THEY MUST NOT. WHEN YOU SEE ONE OF THE LAWYERS IN THE HALLWAY, FOR EXAMPLE, AND HE OR SHE DOES NOT SPEAK WITH YOU, THAT LAWYER IS NOT BEING RUDE, COLD OR UNFRIENDLY, BUT IS SIMPLY DOING WHAT I HAVE ORDERED ALL OF THE LAWYERS TO DO IN THIS CASE. IT DOES NOT LOOK APPROPRIATE FOR ONE SIDE OR THE OTHER TO THIS CASE TO BE SPEAKING WITH ANY OF YOU NO MATTER HOW INNOCENT OR TRIVIAL THAT CONVERSATION MIGHT, IN FACT, BE.

UNTIL THIS CASE IS SUBMITTED TO YOU TO BEGIN YOUR DELIBERATIONS, YOU MUST NOT DISCUSS IT WITH ANYONE AT ALL—EVEN WITH YOUR FELLOW JURORS. AFTER IT IS SUBMITTED, YOU MUST DISCUSS THE CASE ONLY IN THE JURY ROOM WITH YOUR FELLOW JURORS. IT IS IMPORTANT THAT YOU KEEP AN OPEN MIND AND NOT DECIDE ANY ISSUE IN THE CASE UNTIL THE ENTIRE CASE HAS BEEN

SUBMITTED TO YOU AND YOU HAVE RECEIVED THE FINAL INSTRUCTIONS OF THE

COURT REGARDING THE LAW WHICH YOU MUST APPLY TO THE EVIDENCE.

*CONCLUSION*

PLEASE KEEP A FEW KEY PRINCIPLES IN MIND AS WE BEGIN THIS TRIAL.

YOUR JOB IS TO DECIDE ALL OF THE FACTUAL QUESTIONS IN THIS CASE—

LIKE WHO SHOULD BE BELIEVED AND WHO SHOULD NOT BE BELIEVED. I WILL

DECIDE ALL OF THE LEGAL QUESTIONS IN THIS CASE—LIKE WHAT TESTIMONY OR

EXHIBITS ARE RECEIVED INTO EVIDENCE AND WHICH ARE NOT RECEIVED. PLEASE

DO NOT CONCERN YOURSELVES WITH THE LEGAL QUESTIONS.

THE DEFENDANT HAS PLED NOT GUILTY AND IS PRESUMED TO BE INNOCENT

OF THE CRIMES CHARGED. AS SUCH, THE DEFENDANT IS NOT REQUIRED TO

PRODUCE ANY EVIDENCE WHATSOEVER. BY BRINGING THE INDICTMENT,

MOREOVER, THE GOVERNMENT HAS ACCEPTED THE RESPONSIBILITY TO PROVING

THE GUILT OF THE DEFENDANT TO EACH OF YOU—UNANIMOUSLY—BEYOND A

REASONABLE DOUBT.

FINALLY, DO NOT DISCUSS THIS CASE WITH ANYONE AND KEEP AN OPEN

MIND REGARDING EACH ISSUE IN THE CASE UNTIL ALL OF THE EVIDENCE HAS BEEN

RECEIVED. AT THAT TIME I WILL BE ABLE TO GIVE YOU THE COMPLETE AND FINAL

INSTRUCTIONS WHICH YOU MUST USE TO GUIDE YOU IN REACHING YOUR

DECISIONS. THEN AND ONLY THEN WILL YOU BE FULLY PREPARED TO BEGIN YOUR

DELIBERATION AND REACH YOUR VERDICTS.

JURY INSTRUCTION NO. 2:
THE INDICTMENT IS NOT EVIDENCE

AN INDICTMENT IS BUT A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME.  IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT.  THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIME CHARGED.  EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, YOU ARE TO DRAW NO NEGATIVE INFERENCE FROM THAT FACT. THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

DEFENDANT CHARLES R. ENGLE HAS PLED "NOT GUILTY" TO THIS INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES.

JURY INSTRUCTION NO. 3:
EVIDENCE RECEIVED IN THE CASE—STIPULATIONS, JUDICIAL NOTICE, AND
INFERENCES PERMITTED

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES—REGARDLESS OF WHO MAY HAVE CALLED THEM; ALL EXHIBITS RECEIVED IN EVIDENCE— REGARDLESS OF WHO MAY HAVE PRODUCED THEM; ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED; AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

[WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MAY ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED. YOU ARE NOT REQUIRED TO DO SO, HOWEVER, BECAUSE YOU ARE THE SOLE JUDGE OF THE FACTS. ]

[THE COURT HAS TAKEN JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS. WHEN THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED. YOU ARE NOT REQUIRED TO DO SO, HOWEVER, BECAUSE YOU ARE THE SOLE JUDGE OF THE FACTS. ]

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS

NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE. IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED. YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

JURY INSTRUCTION NO. 4:
OBJECTIONS AND RULINGS

TESTIMONY AND EXHIBITS CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY WHEN CERTAIN CRITERIA OR STANDARDS ARE MET. IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW.  ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.  YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE THE ATTORNEY HAS MADE OBJECTIONS.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE IN THIS CASE.  I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION.

JURY INSTRUCTION NO. 5:
EVIDENCE FOR A LIMITED PURPOSE

SOME EVIDENCE IS ADMITTED FOR A LIMITED PURPOSE ONLY. WHEN I INSTRUCT YOU THAT AN ITEM OF EVIDENCE HAS BEEN ADMITTED FOR A LIMITED PURPOSE YOU MUST CONSIDER IT ONLY FOR THAT LIMITED PURPOSE AND FOR NO OTHER.

JURY INSTRUCTION NO. 6:
PROOF OF KNOWLEDGE OR INTENT – RULE 404(B) EVIDENCE

EVIDENCE THAT AN ACT WAS DONE OR THAT AN OFFENSE WAS COMMITTED BY DEFENDANT CHARLES R. ENGLE AT SOME OTHER TIME IS BY NO MEANS EVIDENCE OR PROOF THAT, AT ANOTHER TIME, THE DEFENDANT PERFORMED A SIMILAR ACT OR COMMITTED A SIMILAR OFFENSE.

EVIDENCE OF A SIMILAR ACT OR OFFENSE MAY NOT BE CONSIDERED BY THE JURY IN DETERMINING WHETHER DEFENDANT CHARLES R. ENGLE ACTUALLY PERFORMED THE PHYSICAL ACTS CHARGED IN THIS INDICTMENT. NOR MAY SUCH EVIDENCE BE CONSIDERED FOR ANY OTHER PURPOSE WHATEVER, UNLESS THE JURY FIRST FINDS BEYOND A REASONABLE DOUBT FROM OTHER EVIDENCE IN THE CASE, STANDING ALONE, THAT DEFENDANT PHYSICALLY DID THE ACT CHARGED IN THIS INDICTMENT.

ONLY IF YOU SHOULD FIND BEYOND A REASONABLE DOUBT FROM OTHER EVIDENCE IN THE CASE THAT DEFENDANT CHARLES R. ENGLE DID THE ACT OR ACTS ALLEGED IN THE PARTICULAR COUNT UNDER CONSIDERATION, THEN YOU MAY CONSIDER EVIDENCE AS TO AN ALLEGED EARLIER ACT OF A LIKE NATURE IN DETERMINING THE STATE OF MIND OR INTENT WITH WHICH DEFENDANT CHARLES R. ENGLE ACTUALLY DID THE ACT OR ACTS CHARGED IN THE PARTICULAR COUNT.

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACTS OR CRIMES NOT ALLEGED IN THE INDICTMENT. YOU MAY NOT CONVICT THE DEFENDANT OF ANY OF THE CRIMES CHARGED IN THE INDICTMENT ON THE BASIS OF OTHER ACTS THAT YOU

BELIEVE HE MAY HAVE COMMITTED. EVEN IF YOU BELIEVE THAT THE DEFENDANT MAY HAVE COMMITTED OTHER CRIMES SIMILAR TO THE ONES CHARGED IN THIS INDICTMENT, YOU MAY NOT CONVICT ON THAT BASIS.

JURY INSTRUCTION NO. 7:
"EXPERT" TESTIMONY

DURING THE TRIAL YOU MAY HEAR THE TESTIMONY OF WITNESSES WHO EXPRESS OPINIONS CONCERNING MATTERS AT ISSUE IN THIS CASE.  IF SCIENTIFIC, TECHNICAL, OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION. YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

JURY INSTRUCTION NO. 8:
TYPEWRITTEN TRANSCRIPTS OF TAPE RECORDED CONVERSATIONS

TAPE RECORDINGS OF CONVERSATIONS HAVE BEEN RECEIVED IN EVIDENCE AND ARE ABOUT TO BE PLAYED FOR YOU. TYPEWRITTEN TRANSCRIPTS OF THESE TAPE RECORDED CONVERSATIONS ARE ABOUT TO BE FURNISHED TO YOU. THESE TYPEWRITTEN TRANSCRIPTS OF THE CONVERSATIONS ARE BEING GIVEN TO YOU SOLELY FOR YOUR CONVENIENCE IN ASSISTING YOU IN FOLLOWING THE CONVERSATION OR IN IDENTIFYING THE SPEAKERS.

THE TAPES THEMSELVES ARE EVIDENCE IN THE CASE AND THE TYPEWRITTEN TRANSCRIPTS ARE NOT EVIDENCE. WHAT YOU HEAR ON THE TAPES IS EVIDENCE. WHAT YOU READ ON THE TRANSCRIPT IS NOT. IF YOU PERCEIVE ANY VARIATION BETWEEN THE TWO, YOU WILL BE GUIDED SOLELY BY THE TAPES AND NOT BY THE TRANSCRIPTS.

IF YOU CANNOT, FOR EXAMPLE, DETERMINE FROM THE TAPE RECORDING THAT PARTICULAR WORDS WERE SPOKEN OR IF YOU CANNOT DETERMINE FROM THE TAPE RECORDING WHO SAID A PARTICULAR WORD OR WORDS, YOU MUST DISREGARD THE TRANSCRIPTS INSOFAR AS THOSE WORDS OR THAT SPEAKER ARE CONCERNED.

JURY INSTRUCTION NO. 9:
INTRODUCTION TO THE FINAL CHARGE—PROVINCE OF THE COURT
AND OF THE JURY

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE TO BE RECEIVED IN THIS TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL, IT BECOMES MY DUTY TO GIVE YOU THE FINAL INSTRUCTIONS OF THE COURT AS TO THE LAW THAT IS APPLICABLE TO THIS CASE.  YOU SHOULD USE THESE INSTRUCTIONS TO GUIDE YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT—THOSE GIVEN TO YOU DURING THE TRIAL, AND THESE FINAL INSTRUCTIONS—MUST GUIDE AND GOVERN YOUR DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE RULES OF THE LAW IN THEIR CLOSING ARGUMENTS TO YOU.  IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT AS STATED BY THE COURT IN THESE INSTRUCTIONS, YOU, OF COURSE, ARE TO BE GOVERNED BY THE INSTRUCTIONS GIVEN YOU BY THE COURT.

YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE IN REACHING YOUR DECISIONS.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY THE COURT.  REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE ANY PART OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN IN THESE INSTRUCTIONS OF THE COURT; JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY AS THE JUDGES OF THE FACTS TO BASE YOUR VERDICT UPON ANYTHING BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JURORS FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED BY THE ALLEGATIONS BROUGHT BY THE GOVERNMENT IN THE INDICTMENT AND THE PLEA OF NOT GUILTY BY THE DEFENDANT.

IN RESOLVING THE ISSUES PRESENTED TO YOU FOR DECISION IN THIS TRIAL, YOU MUST NOT BE PERSUADED BY BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST ANY OF THE PARTIES TO THIS CASE OR BY ANY PUBLIC OPINION.

JUSTICE—THROUGH TRIAL BY JURY—DEPENDS UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS HERE IN THE COURTROOM AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW AS NOW BEING GIVEN TO EACH OF YOU IN THESE INSTRUCTIONS OF THE COURT.

JURY INSTRUCTION NO. 10:
PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I INSTRUCT YOU THAT YOU MUST PRESUME THE DEFENDANT, CHARLES R. ENGLE, TO BE INNOCENT OF THE CRIMES CHARGED.  THUS, THE DEFENDANT, ALTHOUGH ACCUSED OF A CRIME IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE"—WITH NO EVIDENCE AGAINST HIM.  THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT. THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND. MR. ENGLE IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT.  THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT.  THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO A DEFENDANT, FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.  THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.  ONCE AGAIN, THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO ACQUIT THE DEFENDANT.

THE GOVERNMENT MUST PROVE GUILT BEYOND A REASONABLE DOUBT.  A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE—THE KIND OF DOUBT THAT WOULD MAKE A REASONABLE PERSON HESITATE TO ACT. PROOF BEYOND A REASONABLE DOUBT MUST, THEREFORE, BE PROOF OF SUCH A CONVINCING CHARACTER THAT A REASONABLE PERSON WOULD NOT HESITATE TO

RELY AND ACT UPON IT IN THE MOST IMPORTANT OF HIS OR HER OWN AFFAIRS.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, THAT CHARLES R. ENGLE HAS COMMITTED EACH AND EVERY ELEMENT OF THE OFFENSES CHARGED IN THE INDICTMENT, YOU MUST FIND HIM NOT GUILTY OF THE OFFENSES. IF YOU VIEW THE EVIDENCE IN THE CASE AS REASONABLY PERMITTING EITHER OF TWO CONCLUSIONS—ONE OF INNOCENCE, THE OTHER OF GUILT—YOU MUST ADOPT THE CONCLUSION OF INNOCENCE.

JURY INSTRUCTION NO. 11:
CAUTION—CONSIDER ONLY CRIME CHARGED

YOU ARE HERE TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF THE CRIMES CHARGED.   THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT, CONDUCT, OR OFFENSE NOT ALLEGED IN THE INDICTMENT.  NEITHER ARE YOU CONCERNED WITH THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE.

JURY INSTRUCTION NO. 12:
THE GOVERNMENT AS A PARTY

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.

THE CASE IS IMPORTANT TO THE GOVERNMENT, FOR THE ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME CONCERN TO THE COMMUNITY.  EQUALLY, IT IS IMPORTANT TO THE DEFENDANT, WHO IS CHARGED WITH A SERIOUS CRIME AND WHOSE LIBERTY IS AT STAKE.

THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO ANY OTHER PARTY TO A LITIGATION. BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION.  ALL PARTIES, WHETHER GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT THE BAR OF JUSTICE.

THE QUESTION BEFORE YOU CAN NEVER BE: WILL THE GOVERNMENT WIN OR LOSE THE CASE?  THE GOVERNMENT ALWAYS WINS WHEN JUSTICE IS DONE, REGARDLESS OF WHETHER THE VERDICT IS GUILTY OR NOT GUILTY.

JURY INSTRUCTION NO. 13:
JUDGING THE EVIDENCE

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE.  YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE.  USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE THE EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.  IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY NO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT.  REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

JURY INSTRUCTION NO. 14:
CREDIBILITY OF ORDINARY WITNESS

YOU HEARD A NUMBER OF WITNESSES TESTIFY. YOU MUST DECIDE WHETHER TO BELIEVE A WITNESS AND HOW MUCH TO RELY ON THE WITNESS'S TESTIMONY.

YOU SHOULD CONSIDER ANYTHING THAT REASONABLY HELPS YOU TO EVALUATE THE TESTIMONY. AMONG THE THINGS YOU MAY CONSIDER ARE THE FOLLOWING:

1.    THE WITNESS'S APPEARANCE, ATTITUDE, AND BEHAVIOR ON THE STAND, AND THE WAY THE WITNESS TESTIFIED;

2.    THE WITNESS'S AGE, INTELLIGENCE, AND EXPERIENCE;

3.    THE WITNESS'S OPPORTUNITY AND ABILITY TO SEE OR HEAR THE THINGS ABOUT WHICH THE WITNESS TESTIFIED;

4.    THE ACCURACY OF THE WITNESS'S MEMORY;

5.    ANY MOTIVE OF THE WITNESS TO TELL OR NOT TO TELL THE TRUTH;

6.    ANY INTEREST OR DISINTEREST A WITNESS MIGHT HAVE IN THE OUTCOME OF THE CASE;

7.    ANY BIAS OF THE WITNESS;

8.    OPINION OR REPUTATION EVIDENCE ABOUT THE WITNESS'S TRUTHFULNESS OR UNTRUTHFULNESS;

9.    PRIOR CRIMINAL CONVICTIONS OF THE WITNESS;

10.    PRIOR STATEMENTS BY THE WITNESS THAT WERE INCONSISTENT OR CONSISTENT WITH THE TESTIMONY GIVEN AT TRIAL;

11.     PRIOR ACTIONS OF THE WITNESS THAT SUGGEST TRUTHFULNESS OR UNTRUTHFULNESS; AND

12.     THE INTERNAL CONSISTENCY OF THE WITNESS'S TESTIMONY AND ITS SUPPORT OR CONTRADICTION BY OTHER EVIDENCE.

IF YOU BELIEVE THAT PART OF WHAT A WITNESS TESTIFIED TO WAS FALSE, YOU MAY CHOOSE TO DISTRUST OTHER PARTS ALSO, BUT YOU ARE NOT REQUIRED TO DO SO.  INCONSISTENCIES AND CONTRADICTIONS IN A WITNESS'S TESTIMONY, OR BETWEEN THE TESTIMONY OF ONE WITNESS AND ANOTHER, DO NOT NECESSARILY MEAN THAT A WITNESS IS LYING.  MEMORY FAILURES AND MISTAKEN MEMORIES ARE COMMON AND MAY EXPLAIN SOME INCONSISTENCIES AND CONTRADICTIONS.  AND IT IS COMMON FOR TWO HONEST PEOPLE TO WITNESS THE SAME EVENT AND TO SEE OR HEAR THINGS DIFFERENTLY.  IT MAY BE HELPFUL WHEN YOU EVALUATE INCONSISTENCIES AND CONTRADICTIONS TO CONSIDER WHETHER THEY RELATE TO IMPORTANT OR UNIMPORTANT FACTS.

YOU MAY BELIEVE ALL, PART, OR NONE OF THE TESTIMONY OF ANY WITNESS.  YOU NEED NOT BELIEVE THE TESTIMONY OF A WITNESS EVEN IF IT IS UNCONTRADICTED.  YOU NEED NOT ACCEPT TESTIMONY AS TRUE SIMPLY BECAUSE A NUMBER OF WITNESSES AGREE WITH EACH OTHER.  YOU MAY DECIDE THAT EVEN UNANIMOUS TESTIMONY OF WITNESSES IS ERRONEOUS.  BUT YOU SHOULD ACT REASONABLY IN DECIDING WHETHER TO REJECT UNCONTRADICTED TESTIMONY.

WHEN WITNESSES ARE IN CONFLICT, YOU NEED NOT ACCEPT THE TESTIMONY

OF THE GREATER NUMBER OF WITNESSES.  YOU MAY FIND THE TESTIMONY OF ONE

WITNESS OR A FEW WITNESSES MORE PERSUASIVE THAN THE TESTIMONY OF A

GREATER NUMBER.

JURY INSTRUCTION NO. 15:
INTEREST IN OUTCOME

IN EVALUATING CREDIBILITY OF THE WITNESSES, YOU SHOULD TAKE INTO ACCOUNT ANY EVIDENCE THAT THE WITNESS WHO TESTIFIED MAY BENEFIT IN SOME WAY FROM THE OUTCOME OF THIS CASE. SUCH AN INTEREST IN THE OUTCOME CREATES A MOTIVE TO TESTIFY FALSELY AND MAY SWAY THE WITNESS TO TESTIFY IN A WAY THAT ADVANCES HIS OWN INTERESTS.  THEREFORE, IF YOU FIND THAT ANY WITNESS WHOSE TESTIMONY YOU ARE CONSIDERING MAY HAVE AN INTEREST IN THE OUTCOME OF THIS TRIAL, THEN YOU SHOULD BEAR THAT FACTOR IN MIND WHEN EVALUATING THE CREDIBILITY OF HIS OR HER TESTIMONY AND ACCEPT IT WITH GREAT CARE.

THIS IS NOT TO SUGGEST THAT EVERY WITNESS WHO HAS AN INTEREST IN THE OUTCOME OF A CASE WILL TESTIFY FALSELY.  IT IS FOR YOU TO DECIDE TO WHAT EXTENT, IF AT ALL, THE WITNESS'S INTEREST HAS AFFECTED OR COLORED HIS OR HER TESTIMONY.

JURY INSTRUCTION NO. 16:
LAW ENFORCEMENT WITNESS

YOU HAVE HEARD THE TESTIMONY OF ONE OR MORE LAW ENFORCEMENT OFFICIALS.  THE FACT THAT A WITNESS MAY BE EMPLOYED BY THE FEDERAL OR STATE GOVERNMENT AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT HIS TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR DEFENSE COUNSEL TO TRY TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT HIS TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

JURY INSTRUCTION NO. 17:
CREDIBILITY OF WITNESSES—INCONSISTENT STATEMENT

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT. THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL. IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY, IF ANY, TO BE GIVEN THE TESTIMONY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

IF A PERSON IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT OR MATERIAL MATTER, YOU OBVIOUSLY HAVE A RIGHT TO DISTRUST THE TESTIMONY OF SUCH AN INDIVIDUAL CONCERNING OTHER MATTERS. YOU MAY REJECT ALL OF THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH WEIGHT OR CREDIBILITY AS YOU MAY THINK IT DESERVES.

[JURY INSTRUCTION NO. 18:
CREDIBILITY OF A WITNESS- ACCOMPLICE

THE TESTIMONY OF AN ALLEGED ACCOMPLICE, SOMEONE WHO SAID HE PARTICIPATED IN THE COMMISSION OF A CRIME, MUST BE EXAMINED AND WEIGHED BY THE JURY WITH GREATER CARE THAN THE TESTIMONY OF A WITNESS WHO DID NOT PARTICIPATE IN THE COMMISSION OF THAT CRIME.

JOHN HELLMAN MAY BE CONSIDERED TO BE AN ALLEGED ACCOMPLICE IN THIS CASE.

THE FACT THAT AN ALLEGED ACCOMPLICE HAS ENTERED A PLEA OF GUILTY TO THE OFFENSE CHARGED IS NOT EVIDENCE OF THE GUILT OF ANY OTHER PERSON INCLUDING THE DEFENDANT.

THE JURY MUST DETERMINE WHETHER THE TESTIMONY OF THE ACCOMPLICE HAS BEEN AFFECTED BY SELF-INTEREST, OR BY AN AGREEMENT HE MAY HAVE WITH THE GOVERNMENT, OR BY HIS OWN INTEREST IN THE OUTCOME OF THIS CASE, OR BY PREJUDICE AGAINST THE DEFENDANT.]

JURY INSTRUCTION NO. 19:
BIAS AND HOSTILITY

IN CONNECTION WITH YOUR EVALUATION OF THE CREDIBILITY OF THE WITNESSES, YOU SHOULD SPECIFICALLY CONSIDER EVIDENCE OF RESENTMENT OR ANGER WHICH SOME GOVERNMENT WITNESSES MAY HAVE TOWARDS THE DEFENDANT.

EVIDENCE THAT A WITNESS IS BIASED, PREJUDICED OR HOSTILE TOWARD THE DEFENDANT REQUIRES YOU TO VIEW THE WITNESS'S TESTIMONY WITH CAUTION, TO WEIGH IT WITH CARE, AND SUBJECT IT TO CLOSE AND SEARCHING SCRUTINY.

JURY INSTRUCTION NO. 20:
IMPEACHMENT BY PRIOR CONVICTIONS (WITNESS OTHER THAN DEFENDANT)

YOU HAVE BEEN TOLD THAT SOME OF THE WITNESSES WERE CONVICTED OF PRIOR OFFENSES.  A CONVICTION IS A FACTOR YOU MAY CONSIDER IN DECIDING WHETHER TO BELIEVE THAT WITNESS, BUT IT DOES NOT NECESSARILY DESTROY THE WITNESS'S CREDIBILITY.  IT HAS BEEN BROUGHT TO YOUR ATTENTION ONLY BECAUSE YOU MAY WISH TO CONSIDER IT WHEN YOU DECIDE WHETHER YOU BELIEVE THE WITNESS'S TESTIMONY.  IT IS NOT EVIDENCE OF ANYTHING ELSE.

JURY INSTRUCTION NO. 21:
DEFENDANT WHO PRESENTS EVIDENCE

IN THIS CASE THE DEFENDANT HAS DECIDED TO PRESENT EVIDENCE. I MUST REMIND YOU THAT THE DEFENDANT HAS NO OBLIGATION OR DUTY TO COME FORWARD WITH ANY EVIDENCE OR TO PRESENT ANY WITNESS. THOUGH THE DEFENDANT HAS PRESENTED EVIDENCE, THE BURDEN OF PROOF REMAINS ENTIRELY ON THE GOVERNMENT AND THE DEFENDANT IS TO BE PRESUMED INNOCENT BY YOU.

JURY INSTRUCTION NO. 22:
IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO TESTIFY

THE DEFENDANT DID NOT TESTIFY IN THIS CASE. UNDER OUR CONSTITUTION, HE HAS NO OBLIGATION TO TESTIFY OR TO PRESENT ANY [OTHER] EVIDENCE BECAUSE IT IS THE GOVERNMENT'S BURDEN TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT. THE BURDEN REMAINS WITH THE GOVERNMENT THROUGHOUT THE ENTIRE TRIAL AND NEVER SHIFTS TO THE DEFENDANT. THE DEFENDANT IS NEVER REQUIRED TO PROVE THAT HE IS INNOCENT.

YOU MAY NOT ATTACH ANY SIGNIFICANCE TO THE FACT THAT THE DEFENDANT DID NOT TESTIFY. NO ADVERSE INFERENCE AGAINST HIM MAY BE DRAWN BY YOU BECAUSE HE DID NOT TAKE THE WITNESS STAND. YOU MAY NOT CONSIDER THIS AGAINST THE DEFENDANT IN ANY WAY IN YOUR DELIBERATIONS IN THE JURY ROOM.

JURY INSTRUCTION NO. 23:
TYPEWRITTEN TRANSCRIPTS OF TAPE-RECORDED CONVERSATIONS

TAPE RECORDINGS OF CONVERSATIONS HAVE BEEN RECEIVED IN EVIDENCE AND HAVE BEEN PLAYED FOR YOU. TYPEWRITTEN TRANSCRIPTS OF THESE TAPE RECORDED CONVERSATIONS HAVE BEEN FURNISHED TO YOU. THESE TYPEWRITTEN TRANSCRIPTS OF THE CONVERSATIONS ARE BEING GIVEN TO YOU SOLELY FOR YOUR CONVENIENCE IN ASSISTING YOU IN FOLLOWING THE CONVERSATION OR IN IDENTIFYING THE SPEAKERS.

I REMIND YOU AGAIN THAT THE TAPES THEMSELVES ARE EVIDENCE IN THE CASE AND THE TYPEWRITTEN TRANSCRIPTS ARE NOT EVIDENCE. WHAT YOU HEAR ON THE TAPES IS EVIDENCE. WHAT YOU READ ON THE TRANSCRIPT IS NOT. IF YOU PERCEIVE ANY VARIATION BETWEEN THE TWO, YOU WILL BE GUIDED SOLELY BY THE TAPES AND NOT BY THE TRANSCRIPTS.

IF YOU CANNOT, FOR EXAMPLE, DETERMINE FROM THE TAPE RECORDING THAT PARTICULAR WORDS WERE SPOKEN OR IF YOU CANNOT DETERMINE FROM THE TAPE RECORDING WHO SAID A PARTICULAR WORD OR WORDS, YOU MUST DISREGARD THE TRANSCRIPTS INSOFAR AS THOSE WORDS OR THAT SPEAKER ARE CONCERNED.

JURY INSTRUCTION NO. 24:
CONSIDER EACH COUNT OF INDICTMENT SEPARATELY

A SEPARATE CRIME IS ALLEGED AGAINST THE DEFENDANT IN EACH COUNT OF THE INDICTMENT.  EACH ALLEGED OFFENSE, AND ANY EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY.  THE FACT THAT YOU FIND THE DEFENDANT GUILTY OR NOT GUILTY OF ONE OF THE OFFENSES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER OFFENSE CHARGED AGAINST THAT DEFENDANT.

YOU MUST GIVE SEPARATE AND INDIVIDUAL CONSIDERATION TO EACH CHARGE AGAINST THE DEFENDANT.

JURY INSTRUCTION NO. 25:
COUNT 1: THE NATURE OF THE OFFENSE CHARGED

COUNT 1 OF THE INDICTMENT CHARGES THE DEFENDANT WITH  BANK FRAUD.

SPECIFICALLY, THE GOVERNMENT ALLEGES THAT BEGINNING IN OR ABOUT JULY 2005, AND CONTINUING THROUGH IN OR ABOUT AUGUST 2006, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, DEFENDANT CHARLES R. ENGLE AND OTHERS BOTH KNOWN AND UNKNOWN, DID KNOWINGLY AND UNLAWFULLY EXECUTE AND ATTEMPT TO EXECUTE AND CAUSED TO BE EXECUTED A SCHEME AND ARTIFICE TO DEFRAUD HSBC BANK AND SHORE BANK, FINANCIAL INSTITUTIONS WITH DEPOSITS INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION, AND TO OBTAIN MONIES, FUNDS, CREDITS, ASSETS, SECURITIES, AND OTHER PROPERTY OWNED BY AND UNDER THE CUSTODY AND CONTROL OF HSBC BANK AND SHORE BANK BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS, AND PROMISES.

THE GENERAL NATURE OF THE SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS ALLEGED IN COUNT 1 OF THE INDICTMENT IS THAT ENGLE WOULD PROVIDE MATERIALLY FALSE AND FRAUDULENT STATEMENTS CONCERNING HIS YEARLY INCOME SO THAT HE COULD QUALIFY FOR MORTGAGE LOANS FOR WHICH HE WOULD OTHERWISE NOT BE ELIGIBLE.  IT IS FURTHER ALLEGED THAT THE DEFENDANT WOULD ENLIST FRIENDS AND BUSINESS ASSOCIATES TO DRAFT FALSE AND FRAUDULENT STATEMENTS CONCERNING HIS

EMPLOYMENT AND INCOME TO SUBMIT WITH HIS MORTGAGE APPLICATIONS TO FURTHER BOLSTER HIS PURPORTED YEARLY INCOME.  IT IS FURTHER ALLEGED THAT THE DEFENDANT ENGLE WOULD AGREE TO ENTER INTO AN "OWNER-OCCUPANCY AGREEMENT" TO PURPORTEDLY LIVE IN THE FRAUDULENTLY PURCHASED PROPERTIES DESPITE THE FACT THAT HE NEVER TRULY INTENDED TO DO SO, AND IN FACT, NEVER RESIDED IN THE PROPERTIES IN QUESTION.

THE GOVERNMENT ALLEGES THAT THE DEFENDANT, CHARLES R. ENGLE, COMMITTED SEVERAL ACTS IN EXECUTION OF THE ABOVE-DESCRIBED ALLEGED SCHEME TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.  THESE ACTS WERE ALLEGEDLY COMMITTED IN CONNECTION WITH TWO SEPARATE MORTGAGE APPLICATIONS.

THE GOVERNMENT FIRST ALLEGES THE DEFENDANT COMMITTED ACTS IN ORDER TO FRAUDULENTLY SECURE THE ESTABLISHMENT OF MORTGAGE LOANS FOR THE PURCHASE OF PROPERTY LOCATED AT 3118 YARMOUTH DRIVE, IN CAPE CHARLES, VIRGINIA IN THE AMOUNT OF APPROXIMATELY $555,000.

SPECIFICALLY, THE GOVERNMENT ALLEGES THAT, ON OR ABOUT JULY 29, 2005 ENGLE WAS INTERVIEWED OVER THE TELEPHONE BY A VICE PRESIDENT OF SHORE BANK CONCERNING AN APPLICATION FOR MORTGAGES TO PURCHASE 3118 YARMOUTH DRIVE, DURING WHICH CALL HE ALLEGEDLY PROVIDED FALSE AND FRAUDULENT INFORMATION CONCERNING HIS INCOME, NAMELY THAT HE EARNED ABOUT $15,000 PER MONTH IN TOTAL INCOME, KNOWING THAT THIS WAS FALSE.  IT

IS FURTHER ALLEGED THAT, ON OR ABOUT JULY 29, 2005, THE DEFENDANT REVIEWED AND SIGNED THE APPLICATION.  IT IS FURTHER ALLEGED THAT, ON OR ABOUT AUGUST 5, 2004, ENGLE FAXED THE SIGNED MORTGAGE APPLICATION BACK TO THE SHORE BANK VICE PRESIDENT.

THE GOVERNMENT FURTHER ALLEGES THAT, ON OR ABOUT SEPTEMBER 28, 2005, IN GUILFORD COUNTY, NORTH CAROLINA, THE DEFENDANT SIGNED A TYPEWRITTEN UNIFORM RESIDENTIAL LOAN APPLICATION IN THE AMOUNT OF $444,000 FOR 3118 YARMOUTH DRIVE, ON PAGE 2 OF WHICH FORM HE FALSELY INDICATED HIS INCOME TO BE $15,000 PER MONTH.  IT IS FURTHER ALLEGED THAT ON OR ABOUT SEPTEMBER 28, 2005, ENGLE SIGNED A SECOND TYPEWRITTEN UNIFORM RESIDENTIAL LOAN APPLICATION IN THE AMOUNT OF $110,000 FOR 3118 YARMOUTH DRIVE, ON WHICH ENGLE FALSELY INDICATED HIS INCOME TO BE $15,000 PER MONTH.

THE GOVERNMENT FURTHER ALLEGES THAT, ON OR ABOUT SEPTEMBER 28, 2005, IN GUILFORD COUNTY, NORTH CAROLINA, ENGLE COMPLETED AN OWNER-OCCUPANCY AGREEMENT FOR 3118 YARMOUTH DRIVE, WHICH INDICATED THAT THE PROPERTY WOULD BE OCCUPIED BY HIM WITHIN 60 DAYS AFTER THE RECORDING OF THE DEED AND AT ALL TIMES DURING THE ONE YEAR PERIOD IMMEDIATELY THEREAFTER.

THE GOVERNMENT ALSO ALLEGES THAT, IN FURTHERANCE OF THE SAME SCHEME AND ARTIFICE, THE DEFENDANT COMMITTED ACTS IN ORDER TO FRAUDULENTLY SECURE THE ESTABLISHMENT OF MORTGAGE LOANS FOR THE

PURCHASE OF PROPERTY LOCATED AT 115 MASON AVENUE #302, IN CAPE CHARLES IN THE AMOUNT OF APPROXIMATELY $200,000.

SPECIFICALLY, THE GOVERNMENT ALLEGES THAT ON OR ABOUT MARCH 31, 2006, ENGLE WAS INTERVIEWED OVER THE TELEPHONE BY A VICE PRESIDENT OF SHORE BANK CONCERNING AN APPLICATION FOR A MORTGAGE FOR 115 MASON AVENUE #302. IT IS FURTHER ALLEGED THAT THE SHORE BANK VICE PRESIDENT FAXED A MORTGAGE APPLICATION TO ENGLE IN CALIFORNIA, WHERE HE WAS WORKING AND THAT ENGLE REVIEWED AND SIGNED THE APPLICATION ON OR ABOUT MARCH 31, 2006. IT IS FURTHER ALLEGED THAT, ON OR ABOUT APRIL 1, 2006, ENGLE FAXED THE MORTGAGE APPLICATION BACK TO THE SHORE BANK VICE PRESIDENT IN VIRGINIA.

IT IS FURTHER ALLEGED THAT, ON OR ABOUT APRIL 10, 2006, ENGLE FAXED THE SHORE BANK VICE PRESIDENT ADDITIONAL DOCUMENTATION TO SUPPORT THE INFORMATION CONTAINED ON THE MORTGAGE APPLICATION, AND THAT AMONG THESE DOCUMENTS WAS A FRAUDULENT LETTER FROM THE CHIEF EXECUTIVE OFFICER OF THREE WEEK KITCHENS FALSELY CLAIMING THAT ENGLE WAS EMPLOYED AS THE DIRECTOR OF BUSINESS DEVELOPMENT AND EARNED A SALARY OF $105,000 PER YEAR.

IT IS FURTHER ALLEGED THAT, ON OR ABOUT APRIL 13, 2006, ENGLE SIGNED AND FAXED TO SHORE BANK A PERSONAL FINANCIAL STATEMENT IN SUPPORT OF HIS APPLICATION FOR A MORTGAGE LOAN, ON WHICH HE FALSELY CLAIMED THAT HE WAS EARNING $135,000 PER YEAR.

DEFENDANT CHARLES R. ENGLE HAS ENTERED A PLEA OF NOT GUILTY TO THIS ALLEGATION IN THE INDICTMENT.

THE GOVERNMENT, THEREFORE, ASSUMES THE RESPONSIBILITY OF PROVING EACH OF THE ESSENTIAL ELEMENTS OF THE CRIME OF BANK FRAUD AS CHARGED IN COUNT 1 OF THE INDICTMENT BEYOND A REASONABLE DOUBT.

JURY INSTRUCTION NO. 26:
COUNT 1: THE STATUTE DEFINING THE OFFENSE CHARGED

SECTION 1344 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

"WHOEVER KNOWINGLY EXECUTES, OR ATTEMPTS TO EXECUTE, A SCHEME OR ARTIFICE—(1) TO DEFRAUD A FINANCIAL INSTITUTION; OR (2) TO OBTAIN ANY OF THE MONEYS, FUNDS, CREDITS, ASSETS, SECURITIES, OR OTHER PROPERTY OWNED BY, OR UNDER THE CUSTODY OR CONTROL OF, A FINANCIAL INSTITUTION, BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES" HAS COMMITTED AN OFFENSE AGAINST THE UNITED STATES.

<u>JURY INSTRUCTION NO. 27:</u>
<u>COUNT 1: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED</u>

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF BANK FRAUD, AS CHARGED IN COUNT 1 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY EXECUTED A SCHEME OR ARTIFICE TO DEFRAUD AND OBTAIN THE MONEY, FUNDS OR OTHER PROPERTY OWNED BY OR UNDER THE CONTROL OF HSBC AND SHORE BANK, FINANCIAL INSTITUTIONS AS DETAILED IN COUNT 1 OF THE INDICTMENT.

*TWO:* DEFENDANT CHARLES ENGLE DID SO WITH THE INTENT TO DEFRAUD; AND

*THREE:* HSBC AND SHORE BANK WERE FINANCIAL INSTITUTIONS AS DEFINED BY FEDERAL LAW.

JURY INSTRUCTION NO. 28:
COUNT 1: "FINANCIAL INSTITUTION"—DEFINED

THE TERM "FINANCIAL INSTITUTION" MEANS "A BANK WITH DEPOSITS

INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION."

JURY INSTRUCTION NO. 29:
COUNTS 2–10: THE NATURE OF THE OFFENSE CHARGED

COUNTS TWO (2) THROUGH TEN (10) OF THE INDICTMENT CHARGE THAT
FROM IN OR ABOUT JULY 2005 AND CONTINUING THROUGH IN OR ABOUT AUGUST
2006, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, THE DEFENDANT
CHARLES R. ENGLE DID KNOWINGLY AND UNLAWFULLY DEVISE AND INTEND TO
DEVISE A SCHEME AND ARTIFICE TO DEFRAUD, AND FOR OBTAINING MONEY AND
PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES,
REPRESENTATIONS, AND PROMISES, WHICH AFFECTED A FINANCIAL INSTITUTION
AND THEREAFTER USED A WIRE COMMUNICATION FACILITY IN INTERSTATE
COMMERCE IN ORDER TO, IN SOME FASHION, ADVANCE OR FURTHER THE SCHEME
OR PLAN TO DEFRAUD OR OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR
FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

I HAVE PREVIOUSLY DESCRIBED FOR YOU THE GENERAL NATURE OF THE
SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS
OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES. COUNTS
2 THROUGH 10 CHARGE THAT ON NINE SEPARATE OCCASIONS, DEFENDANT
CHARLES R. ENGLE DID KNOWINGLY TRANSMIT AND CAUSE TO BE TRANSMITTED
BY MEANS OF WIRE AND RADIO COMMUNICATION IN INTERSTATE AND FOREIGN
COMMERCE CERTAIN WRITINGS, SIGNS, SIGNALS, PICTURES, AND SOUNDS, AS SET
OUT BELOW:

COUNT 2 CHARGES THAT ON JULY 29, 2005, ENGLE CAUSED A TELEPHONE

CALL TO BE PLACED FROM THE SHORE BANK VICE PRESIDENT IN THE EASTERN DISTRICT OF VIRGINIA TO HIMSELF IN CALIFORNIA.

COUNT 3 CHARGES THAT ON JULY 29, 2005, ENGLE CAUSED THE SHORE BANK VICE PRESIDENT TO TELEFAX HIM A MORTGAGE LOAN APPLICATION FROM THE EASTERN DISTRICT OF VIRGINIA TO CALIFORNIA.

COUNT 4 CHARGES THAT ON AUGUST 5, 2005, ENGLE TELEFAXED THE SIGNED MORTGAGE LOAN APPLICATION FROM CALIFORNIA TO THE SHORE BANK VICE PRESIDENT IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT 5 CHARGES THAT ON OCTOBER 5, 2005, ENGLE CAUSED A WIRE TRANSFER IN THE AMOUNT OF $66,416.64 FROM EASTVILLE, VIRGINIA TO HIS BANK OF AMERICA ACCOUNT IN NORTH CAROLINA.

COUNT 6 CHARGES THAT ON MARCH 31, 2006, ENGLE CAUSED A TELEPHONE CALL TO BE PLACED FROM THE SHORE BANK VICE PRESIDENT IN THE EASTERN DISTRICT OF VIRGINIA TO HIMSELF IN CALIFORNIA.

COUNT 7 CHARGES THAT ON MARCH 31, 2006, ENGLE CAUSED THE SHORE BANK VICE PRESIDENT TO TELEFAX HIM A MORTGAGE LOAN APPLICATION FROM THE EASTERN DISTRICT OF VIRGINIA TO CALIFORNIA.

COUNT 8 CHARGES THAT ON APRIL 1, 2006, ENGLE TELEFAXED THE SIGNED MORTGAGE LOAN APPLICATION FROM CALIFORNIA TO THE SHORE BANK VICE PRESIDENT IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT 9 CHARGES THAT ON APRIL 10, 2006, ENGLE TELEFAXED SUPPORTING DOCUMENTATION FOR THE SIGNED MORTGAGE LOAN APPLICATION FROM

CALIFORNIA TO THE SHORE BANK VICE PRESIDENT IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT 10 CHARGES THAT ON APRIL 13, 2006, ENGLE TELEFAXED A PERSONAL FINANCIAL STATEMENT FROM CALIFORNIA TO THE SHORE BANK VICE PRESIDENT IN THE EASTERN DISTRICT OF VIRGINIA.

DEFENDANT CHARLES R. ENGLE HAS ENTERED A PLEA OF NOT GUILTY TO THESE ALLEGATIONS IN THE INDICTMENT.   THE GOVERNMENT, THEREFORE, ASSUMES THE RESPONSIBILITY OF PROVING EACH OF THE ESSENTIAL ELEMENTS OF EACH COUNT OF WIRE FRAUD AS CHARGED IN COUNTS 2 THROUGH 10 OF THE INDICTMENT BEYOND A REASONABLE DOUBT.

JURY INSTRUCTION NO. 30:
COUNTS 2–10: THE STATUTE DEFINING THE OFFENSE CHARGED

SECTION 1343 OF TITLE 18 OF THE UNTIED STATES CODE PROVIDES, IN PART, THAT:

"WHOEVER, HAVING DEVISED OR INTENDING TO DEVISE ANY SCHEME OR ARTIFICE TO DEFRAUD, OR FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, TRANSMITS OR CAUSES TO BE TRANSMITTED BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE OR FOREIGN COMMERCE, ANY WRITINGS, SIGNS, SIGNALS, PICTURES, OR SOUNDS FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE" SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

JURY INSTRUCTION NO. 31:
COUNTS 2–10: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF WIRE FRAUD AS CHARGED IN COUNTS 2 THROUGH 10 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING FOUR (4) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY DEVISED OR KNOWINGLY PARTICIPATED IN A SCHEME OR ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF MATERIAL FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS DETAILED IN COUNTS 2–10 OF THE INDICTMENT;

*TWO:* THE SCHEME OR ARTIFICE TO DEFRAUD AND THE PRETENSES, REPRESENTATIONS OR PROMISES MADE WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON TO PART WITH MONEY OR PROPERTY;

*THREE:* DEFENDANT CHARLES R. ENGLE DEVISED OR PARTICIPATED IN THE SCHEME WITH THE INTENT TO DEFRAUD; AND

*FOUR:* IN ADVANCING, OR FURTHERING, OR CARRYING OUT THIS SCHEME, DEFENDANT CHARLES R. ENGLE TRANSMITTED ANY WRITING, SIGNAL, OR SOUND BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE OR CAUSED THE TRANSMISSION OF ANY WRITING, SIGNAL, OR SOUND OF SOME KIND BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE.

JURY INSTRUCTION NO. 32:
COUNTS 2–10: "TRANSMITS BY MEANS OF WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE"–DEFINED

THE PHRASE "TRANSMITS BY MEANS OF WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE" MEANS TO SEND FROM ONE STATE TO ANOTHER BY MEANS OF TELEPHONE OR TELEGRAPH LINES OR BY MEANS OF RADIO OR TELEVISION.

THE PHRASE "TRANSMITS BY MEANS OF WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE" INCLUDES A TELEPHONE CONVERSATION BY A PERSON IN ONE STATE WITH A PERSON IN ANOTHER STATE.

THE USE OF A WIRE, RADIO, OR TELEVISION COMMUNICATION FACILITY IN INTERSTATE COMMERCE IS AN ESSENTIAL ELEMENT OF THE OFFENSE OF WIRE FRAUD AS CHARGED IN COUNTS 2 THROUGH 10 OF THE INDICTMENT. THE GOVERNMENT NEED NOT PROVE THAT THE DEFENDANT ACTUALLY USED A WIRE COMMUNICATION IN INTERSTATE COMMERCE OR THAT THE DEFENDANT EVEN INTENDED THAT ANYTHING BE TRANSMITTED IN INTERSTATE COMMERCE BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION TO FURTHER, OR TO ADVANCE, OR TO CARRY OUT THE SCHEME.

THE GOVERNMENT, HOWEVER, MUST PROVE BEYOND A REASONABLE DOUBT THAT A TRANSMISSION BY A WIRE, RADIO, OR TELEVISION COMMUNICATION FACILITY IN INTERSTATE COMMERCE WAS, IN FACT, USED IN SOME MANNER TO FURTHER, OR TO ADVANCE, OR TO CARRY OUT THE SCHEME. THE GOVERNMENT MUST ALSO PROVE THAT THE USE OF THE WIRE, RADIO, OR TELEVISION

COMMUNICATION IN INTERSTATE COMMERCE WOULD FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR EVENTS OR THAT THE USE OF THE WIRE, RADIO, OR TELEVISION COMMUNICATION FACILITY IN INTERSTATE COMMERCE BY SOMEONE WAS REASONABLY FORESEEABLE.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE INFORMATION TRANSMITTED BY MEANS OF WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE ITSELF WAS FALSE OR FRAUDULENT OR CONTAINED ANY FALSE OR FRAUDULENT PRETENSE, REPRESENTATION, OR PROMISE, OR CONTAINED ANY REQUEST FOR MONEY OR THING OF VALUE.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE USE OF THE WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE FURTHERED, OR ADVANCED, OR CARRIED OUT, IN SOME WAY, THE SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

JURY INSTRUCTION NO. 33:
COUNTS 11–12: THE NATURE OF THE OFFENSE CHARGED

COUNTS 11 AND 12 OF THE INDICTMENT CHARGE THE DEFENDANT WITH MAIL FRAUD.

SPECIFICALLY, THE GOVERNMENT ALLEGES THAT FROM IN OR ABOUT JULY 2005 THROUGH IN OR ABOUT AUGUST 2006, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT CHARLES R. ENGLE KNOWINGLY DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND OBTAIN MONIES, FUNDS, AND OTHER PROPERTY OF FINANCIAL INSTITUTIONS BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS, AND PROMISES AND THEREAFTER USED THE UNITED STATES MAILS IN ORDER TO, IN SOME FASHION, ADVANCE OR FURTHER THE SCHEME.

I HAVE PREVIOUSLY DESCRIBED FOR YOU THE GENERAL NATURE OF THE SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES. COUNTS 11 THROUGH 12 CHARGE THAT ON TWO  SEPARATE OCCASIONS, DEFENDANT CHARLES R. ENGLE DID KNOWINGLY USE THE UNITED STATES MAILS OR AN INTERSTATE CARRIER TO FURTHER OR ADVANCE THE SCHEME.

COUNT 11 CHARGES THAT ON OR ABOUT SEPTEMBER 28, 2005, FOR THE PURPOSE OF EXECUTING THE AFOREMENTIONED SCHEME, CHARLES R. ENGLE DID KNOWINGLY CAUSE TO BE DELIVERED BY A PRIVATE AND COMMERCIAL INTERSTATE CARRIER A PACKAGE, WHICH WAS SENT BY ENGLE VIA FEDERAL EXPRESS, AN INTERSTATE CARRIER, FROM GREENSBORO, NORTH CAROLINA TO C.A.

TURNER III IN EASTVILLE, VIRGINIA, CONTAINING THE CLOSING DOCUMENTS FOR THE PURCHASE OF 3118 YARMOUTH DRIVE IN CAPE CHARLES.

COUNT 12 CHARGES THAT ON OR ABOUT JULY 14, 2006, ENGLE WAS INTERVIEWED OVER THE PHONE BY AN EMPLOYEE OF PRIORITY FINANCIAL SERVICES CONCERNING AN APPLICATION FOR A MORTGAGE TO REFINANCE THE PROPERTY LOCATED AT 115 MASON AVENUE #302 IN CAPE CHARLES, VIRGINIA, DURING WHICH INTERVIEW ENGLE PROVIDED THE PRIORITY FINANCIAL SERVICES EMPLOYEE WITH FALSE AND FRAUDULENT INFORMATION CONCERNING HIS MONTHLY INCOME, NAMELY THAT HE EARNED $32,500 PER MONTH, KNOWING THIS WAS FALSE.  THE GOVERNMENT FURTHER ALLEGES THAT ENGLE SIGNED THE MORTGAGE APPLICATION AND FAXED IT BACK TO THE PRIORITY FINANCIAL SERVICES EMPLOYEE ON OR ABOUT JULY 21, 2006.  THE GOVERNMENT ALLEGES THAT ENGLE SUBSEQUENTLY COMPLETED THE REFINANCE OF 115 MASON AVENUE #302.

IN COUNT 12, THE GOVERNMENT FURTHER ALLEGES THAT ON OR ABOUT AUGUST 7, 2006, FOR THE PURPOSE OF EXECUTING THE AFOREMENTIONED SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, ENGLE DID KNOWINGLY CAUSE TO BE DELIVERED BY A PRIVATE AND COMMERCIAL INTERSTATE CARRIER, NAMELY THE UNITED PARCEL SERVICE, A PACKAGE CONTAINING CLOSING DOCUMENTS FOR THE REFINANCE OF 115 MASON AVENUE #30.

JURY INSTRUCTION NO. 34:
COUNTS 11 AND 12: THE STATUTE DEFINING THE OFFENSE CHARGED

SECTION 1341 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

"WHOEVER, HAVING DEVISED OR INTENDING TO DEVISE ANY SCHEME OR ARTIFICE TO DEFRAUD OR FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES . . . FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE OR ATTEMPTING TO DO SO, PLACES IN ANY POST OFFICE OR AUTHORIZED DEPOSITORY FOR MAIL MATTER, ANY MATTER OR THING WHATEVER TO BE SENT OR DELIVERED BY THE POSTAL SERVICE OR TAKES OR RECEIVES THEREFROM . . . OR KNOWINGLY CAUSES TO BE DELIVERED BY MAIL ACCORDING TO THE DIRECTION THEREON" SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

JURY INSTRUCTION NO. 35:
COUNTS 11-12: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING THE MAILS TO FURTHER A SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, AS CHARGED IN COUNTS 11 AND 12 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING FOUR (4) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY DEVISED OR KNOWINGLY PARTICIPATED IN A SCHEME OR ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, AS DETAILED IN COUNTS 11 AND 12 OF THE INDICTMENT;

*TWO:* THE SCHEME OR ARTIFICE TO DEFRAUD AND THE PRETENSES, REPRESENTATIONS, OR PROMISES WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON TO PART WITH MONEY OR PROPERTY;

*THREE:* DEFENDANT CHARLES R. ENGLE DID THIS WITH THE INTENT TO DEFRAUD; AND

*FOUR:* IN ADVANCING, OR FURTHERING, OR CARRYING OUT THIS SCHEME TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, DEFENDANT CHARLES R. ENGLE USED THE MAILS OR CAUSED THE MAILS TO BE USED.

JURY INSTRUCTION NO. 36:
COUNTS 11 & 12: USE OF THE MAILS OR INTERSTATE COMMERCE—DEFINED

THE USE OF THE UNITED STATES MAILS OR AN INTERSTATE CARRIER IS AN ESSENTIAL ELEMENT OF THE OFFENSE OF MAIL FRAUD AS CHARGED IN COUNTS 11 AND 12 OF THE INDICTMENT.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT ACTUALLY MAILED ANYTHING OR THAT THE DEFENDANT EVEN INTENDED THAT THE MAILS WOULD BE USED TO FURTHER, OR TO ADVANCE, OR TO CARRY OUT THE SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE MAILS WERE, IN FACT, USED IN SOME MANNER TO FURTHER, OR TO ADVANCE, OR TO CARRY OUT THE SCHEME TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

THE GOVERNMENT MUST ALSO PROVE THAT THE USE OF THE MAILS WOULD FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR EVENTS OR THAT THE USE OF THE MAILS BY SOMEONE WAS REASONABLY FORESEEABLE.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE ITEM ITSELF MAILED WAS FALSE OR FRAUDULENT OR CONTAINED ANY FALSE OR FRAUDULENT STATEMENT, REPRESENTATION, OR PROMISE, OR CONTAINED ANY REQUEST FOR MONEY OR THING OF VALUE.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE USE OF THE MAILS, FURTHERED, OR ADVANCED, OR CARRIED OUT, IN SOME WAY, THE SCHEME OR PLAN TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES.

JURY INSTRUCTION NO. 37:
COUNTS 1-12: "ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES"—DEFINED

THE PHRASES "ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "ANY SCHEME OR ARTIFICE FOR OBTAINING MONEY OR PROPERTY" AS USED IN COUNTS 1-12 OF THE INDICTMENT MEAN ANY DELIBERATE PLAN OF ACTION OR COURSE OF CONDUCT BY WHICH SOMEONE INTENDS TO DECEIVE OR TO CHEAT ANOTHER OR BY WHICH SOMEONE INTENDS TO DEPRIVE ANOTHER OF SOMETHING OF VALUE.

THE TERM "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES" MEANS A STATEMENT OR AN ASSERTION WHICH CONCERNS A MATERIAL OR IMPORTANT FACT OR A MATERIAL OR IMPORTANT ASPECT OF THE MATTER IN QUESTION AND THAT WAS EITHER KNOWN TO BE UNTRUE AT THE TIME THAT IT WAS MADE OR USED, AND MADE OR USED WITH THE INTENT TO DEFRAUD. A MATERIAL FACT IS A FACT THAT WOULD BE OF IMPORTANCE TO A REASONABLE PERSON IN MAKING A DECISION ABOUT A PARTICULAR MATTER OR TRANSACTION.

THE TERM "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES" INCLUDES ACTUAL, DIRECT FALSE STATEMENTS AS WELL AS HALF-TRUTHS, AND INCLUDES THE KNOWING CONCEALMENT OF FACTS THAT ARE MATERIAL OR IMPORTANT TO THE MATTER IN QUESTION AND THAT WERE MADE OR USED WITH THE INTENT TO DEFRAUD.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT WAS ACTUALLY SUCCESSFUL IN DEFRAUDING ANYONE OR IN

OBTAINING MONEY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.  IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT ANYONE LOST ANY MONEY OR PROPERTY AS A RESULT OF THE SCHEME.

JURY INSTRUCTION NO. 38:
COUNT 1-12: INTENT TO DEFRAUD — DEFINED

TO ACT WITH AN "INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND

WITH THE INTENTION OR THE PURPOSE TO DECEIVE OR TO CHEAT.

AN INTENT TO DEFRAUD IS ACCOMPANIED, ORDINARILY, BY A DESIRE OR A

PURPOSE TO BRING ABOUT SOME GAIN OR BENEFIT TO ONESELF OR SOME OTHER

PERSON OR BY A DESIRE OR A PURPOSE TO CAUSE SOME LOSS TO SOME PERSON.

JURY INSTRUCTION NO. 39:
COUNTS 1-12: THE GOOD FAITH DEFENSE

THE GOOD FAITH OF DEFENDANT CHARLES R. ENGLE IS A COMPLETE DEFENSE TO THE CHARGES OF BANK FRAUD, WIRE FRAUD, AND MAIL FRAUD CONTAINED IN COUNTS 1 THROUGH 12 OF THE INDICTMENT BECAUSE GOOD FAITH ON HIS PART IS, SIMPLY, INCONSISTENT WITH THE INTENT TO DEFRAUD AND THE INTENT TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS ALLEGED IN THOSE CHARGES.

A PERSON WHO ACTS, OR CAUSES ANOTHER PERSON TO ACT, ON A BELIEF OR AN OPINION HONESTLY HELD IS NOT PUNISHABLE UNDER THIS STATUTE MERELY BECAUSE THE BELIEF OR OPINION TURNS OUT TO BE INACCURATE, INCORRECT, OR WRONG. AN HONEST MISTAKE IN JUDGMENT OR AN ERROR IN MANAGEMENT DOES NOT RISE TO THE LEVEL OF INTENT TO DEFRAUD.

A DEFENDANT DOES NOT ACT IN "GOOD FAITH" IF, EVEN THOUGH HE HONESTLY HOLDS A CERTAIN OPINION OR BELIEF, THAT DEFENDANT ALSO KNOWINGLY MAKES FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES TO OTHERS.

THE BANK, WIRE, AND MAIL FRAUD STATUTES ARE WRITTEN TO SUBJECT TO CRIMINAL PUNISHMENT ONLY THOSE PEOPLE WHO KNOWINGLY DEFRAUD OR ATTEMPT TO DEFRAUD, OR KNOWINGLY OBTAIN MONEY OR PROPERTY OR ATTEMPT TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

WHILE THE TERM "GOOD FAITH" HAS NO PRECISE DEFINITION, IT MEANS, AMONG OTHER THINGS, A BELIEF OR OPINION HONESTLY HELD, AN ABSENCE OF MALICE OR ILL WILL, AND AN INTENTION TO AVOID TAKING UNFAIR ADVANTAGE OF ANOTHER.

IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT ACTED WITH AN INTENT TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, OR WHETHER THE DEFENDANT ACTED IN GOOD FAITH, THE JURY MUST CONSIDER ALL OF THE EVIDENCE IN THE CASE BEARING ON THE DEFENDANT'S STATE OF MIND.

THE BURDEN OF PROVING GOOD FAITH DOES NOT REST WITH THE DEFENDANT BECAUSE THE DEFENDANT DOES NOT HAVE ANY OBLIGATION TO PROVE ANYTHING IN THIS CASE.  IT IS THE GOVERNMENT'S BURDEN TO PROVE TO YOU, BEYOND A REASONABLE DOUBT, THAT DEFENDANT CHARLES R. ENGLE ACTED WITH THE INTENT TO DEFRAUD AND THE INTENT TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

IF THE EVIDENCE IN THE CASE LEAVES YOU WITH A REASONABLE DOUBT AS TO WHETHER THE DEFENDANT ACTED WITH AN INTENT TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, OR IN GOOD FAITH, THE YOU MUST ACQUIT DEFENDANT CHARLES R. ENGLE.

JURY INSTRUCTION NO. 40:
COUNTS 13 AND 14: THE NATURE OF THE OFFENSE CHARGED

COUNTS 13 AND 14 OF THE INDICTMENT CHARGE THE DEFENDANT WITH MAKING A FALSE STATEMENT TO A FINANCIAL INSTITUTION.

SPECIFICALLY, THE GOVERNMENT ALLEGES IN COUNT 13 OF THE INDICTMENT THAT ON OR ABOUT AUGUST 5, 2005, IN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT CHARLES R. ENGLE KNOWINGLY MADE A FALSE STATEMENT AND REPORT FOR THE PURPOSE OF INFLUENCING THE ACTIONS OF HSBC BANK, AN INSTITUTION THE ACCOUNTS OF WHICH WERE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION, IN CONNECTION WITH AN APPLICATION, ADVANCE, DISCOUNT, PURCHASE, PURCHASE AGREEMENT, COMMITMENT AND LOAN, IN THAT THE DEFENDANT PROVIDED FALSE INFORMATION TO HSBC BANK CONCERNING THE AMOUNT OF INCOME HE EARNED IN CONNECTION WITH QUALIFYING FOR A MORTGAGE TO PURCHASE PROPERTY LOCATED AT 3118 YARMOUTH DRIVE IN CAPE CHARLES, VIRGINIA.

COUNT 14 OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 1, 2006, IN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT CHARLES R. ENGLE KNOWINGLY MADE A FALSE STATEMENT AND REPORT FOR THE PURPOSE OF INFLUENCING THE ACTIONS OF SHORE BANK, AN INSTITUTION THE ACCOUNTS OF WHICH WERE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION, IN CONNECTION WITH AN APPLICATION, ADVANCE, DISCOUNT, PURCHASE, PURCHASE AGREEMENT, COMMITMENT AND LOAN, IN THAT THE DEFENDANT PROVIDED FALSE

INFORMATION TO SHORE BANK CONCERNING THE AMOUNT OF INCOME HE EARNED

IN CONNECTION WITH QUALIFYING FOR A MORTGAGE TO PURCHASE PROPERTY

LOCATED AT 115 MASON AVENUE # 302 IN CAPE CHARLES, VIRGINIA.

JURY INSTRUCTION NO. 41:
COUNTS  13 AND 14: THE STATUTE DEFINING THE OFFENSE CHARGED

SECTION 1014 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART,

THAT:

"WHOEVER KNOWINGLY MAKES ANY FALSE STATEMENT OR REPORT . . . FOR

THE PURPOSE OF INFLUENCING IN ANY WAY THE ACTION OF . . . ANY INSTITUTION

THE ACCOUNTS OF WHICH ARE INSURED BY THE FEDERAL DEPOSIT INSURANCE

CORPORATION . . . UPON ANY APPLICATION, ADVANCE, DISCOUNT, PURCHASE,

PURCHASE AGREEMENT . . . COMMITMENT, [OR] LOAN" SHALL BE GUILTY OF AN

OFFENSE AGAINST THE UNITED STATES.

JURY INSTRUCTION NO. 42:
COUNTS 13 AND 14: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF MAKING A FALSE STATEMENT OR REPORT FOR THE PURPOSE OF INFLUENCING THE ACTION OF AN FDIC-INSURED INSTITUTION AS CHARGED IN COUNTS 13 AND 14 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING FOUR (4) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE MADE OR CAUSED TO BE MADE A FALSE STATEMENT OR REPORT TO A FINANCIAL INSTITUTION UPON AN APPLICATION;

*TWO:* DEFENDANT CHARLES R. ENGLE KNEW THE STATEMENT WAS NOT TRUE AT THE TIME IT WAS MADE;

*THREE:* DEFENDANT CHARLES R. ENGLE MADE THE FALSE STATEMENT OR REPORT FOR THE PURPOSE OF INFLUENCING IN ANY WAY THE ACTION OF THE FINANCIAL INSTITUTION ON THE APPLICATION.

*FOUR:* THE ACCOUNTS OF THE FINANCIAL INSTITUTION WERE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION.

JURY INSTRUCTION NO. 43:
COUNT 13 AND 14: "FINANCIAL INSTITUTION"—DEFINED

THE TERM "FINANCIAL INSTITUTION" MEANS "A BANK WITH DEPOSITS

INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION."

JURY INSTRUCTION NO. 44:
COUNT 15: THE NATURE OF THE OFFENSE CHARGED

COUNT 15 OF THE INDICTMENT CHARGES THE DEFENDANT WITH MONEY LAUNDERING.

SPECIFICALLY, THE GOVERNMENT ALLEGES THAT ON OR ABOUT APRIL 21, 2006, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT CHARLES R. ENGLE DID KNOWINGLY CAUSE TO BE WIRED $52,600 IN UNITED STATES CURRENCY FROM HIS BANK OF AMERICA ACCOUNT LOCATED IN NORTH CAROLINA AND ELSEWHERE, TO A REAL ESTATE CLOSING COMPANY LOCATED IN THE EASTERN DISTRICT OF VIRGINIA FOR THE PURCHASE OF 115 MASON AVENUE #302 IN CAPE CHARLES VIRGINIA, AND THAT THIS TRANSACTION INVOLVED THE PROCEEDS OF ONE OR MORE VIOLATIONS OF TITLE 18, UNITED STATES CODE, SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344(BANK FRAUD).   THE GOVERNMENT FURTHER ALLEGES THAT THE DEFENDANT CONDUCTED THIS TRANSACTION WITH THE INTENT TO PROMOTE THE CARRYING ON OF FURTHER VIOLATIONS OF TITLE 18, UNITED STATES CODE, SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344(BANK FRAUD).

JURY INSTRUCTION NO. 45:
COUNT 15: THE STATUTE DEFINING THE OFFENSE CHARGED

SECTION 1956(A)(1)(A)(I) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

"WHOEVER, KNOWING THAT THE PROPERTY INVOLVED IN A FINANCIAL TRANSACTION REPRESENTS THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY, CONDUCTS OR ATTEMPTS TO CONDUCT SUCH A FINANCIAL TRANSACTION WHICH IN FACT INVOLVES THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY WITH THE INTENT TO PROMOTE THE CARRYING ON OF SPECIFIED UNLAWFUL ACTIVITY" SHALL BE GUILTY OF A CRIME AGAINST THE UNITED STATES.

JURY INSTRUCTION NO. 46:
COUNT 15: THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME MONEY LAUNDERING AS CHARGED IN COUNT 15 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING FOUR (4) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*ONE:* DEFENDANT CHARLES R. ENGLE KNOWINGLY CONDUCTED OR ATTEMPTED TO CONDUCT A FINANCIAL TRANSACTION;

*TWO:* THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION IN FACT INVOLVED THE PROCEEDS OF VIOLATIONS OF TITLE 18 U.S.C. SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344 (BANK FRAUD);

*THREE:* DEFENDANT CHARLES R. ENGLE KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY;

*FOUR:* THE DEFENDANT ENGAGED IN THE FINANCIAL TRANSACTION WITH THE INTENT TO PROMOTE THE CARRYING ON OF VIOLATIONS OF TITLE 18 U.S.C. SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344 (BANK FRAUD).

JURY INSTRUCTION NO. 47:
COUNT 15: "FINANCIAL TRANSACTION"—DEFINED

THE TERM "FINANCIAL TRANSACTION" MEANS A DEPOSIT, WITHDRAWAL, TRANSFER BETWEEN ACCOUNTS, EXCHANGE OF CURRENCY, LOAN, EXTENSION OF CREDIT, PURCHASE OR SALE OF ANY STOCK, BOND, CERTIFICATE OF DEPOSIT, OR USE OF A SAFE DEPOSIT BOX INVOLVING THE USE OF A FINANCIAL INSTITUTION WHICH IS ENGAGED IN OR THE ACTIVITIES OF WHICH AFFECT INTERSTATE COMMERCE.

JURY INSTRUCTION NO. 48:
COUNT 15: KNOWLEDGE

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THAT THE PROPERTY INVOLVED IN THE TRANSACTION REPRESENTED THE PROCEEDS OF SOME FORM OF ACTIVITY THAT CONSTITUTES A FELONY UNDER STATE LAW.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT THE PROPERTY INVOLVED IN THE TRANSACTION REPRESENTED THE PROCEEDS OF VIOLATIONS OF TITLE 18 U.S.C. SECTIONS 1014 (FALSE STATEMENTS ON A LOAN APPLICATION), 1341 (MAIL FRAUD), 1343 (WIRE FRAUD), AND 1344 (BANK FRAUD). THE GOVERNMENT MUST, HOWEVER, PROVE THAT THE PROPERTY DID IN FACT REPRESENT THE PROCEEDS OF THIS SPECIFIED UNLAWFUL ACTIVITY.

JURY INSTRUCTION NO. 49:
EACH ELEMENT MUST BE ESTABLISHED BEYOND A REASONABLE DOUBT

UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAS COMMITTED EVERY ELEMENT OF THE EACH OFFENSE WITH WHICH HE IS CHARGED, YOU MUST FIND HIM NOT GUILTY OF THAT OFFENSE.

JURY INSTRUCTION NO. 50:
VERDICT-ELECTION OF FOREPERSON-DUTY TO DELIBERATE - UNANIMITY-
COMMUNICATION WITH THE COURT

UPON RETIRING TO YOUR JURY ROOM TO BEGIN DELIBERATION, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE. NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED. NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS

TRIAL IS INTENDED IN ANY WAY TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE. NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN. WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY. AS I HAVE TOLD YOU, YOU ARE THE SOLE JUDGES OF THE FACTS.

A VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICTS, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICTS TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATION TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE BAILIFF. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON—NOT EVEN TO THE COURT—HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS

BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.