UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT - 8 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.                                              Criminal Action No. 2:10cr89

CHARLES ENGLE,

        Defendant.

### MEMORANDUM OPINION

This matter is before the court on the government's motion to exclude defendant's expert witness, George Temple. The government filed a request for discovery on September 23, 2010. In response, the defendant submitted an expert witness disclosure pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure. On September 27, 2010, the government filed a motion to exclude the defendant's expert witness. The defendant's trial began on September 28, 2010. On September 29, 2010, the court issued an oral ruling limiting the scope of Mr. Temple's proposed testimony. This opinion provides additional explanation of the court's ruling.

Federal Rule of Evidence 702 provides that expert testimony may come in the form of "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. "A federal district court performs an important 'gatekeeping' function in deciding whether to admit expert testimony under Federal Rule of Evidence 702." United States v. Forrest, 429 F.3d 73, 80 (4th Cir. 2005). The court must determine whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993) (quoting Fed. R. Evid. 702). In addition, the

court must ensure that the testimony is both relevant and reliable. Id. at 589.

"In assessing whether the expert testimony is reliable and relevant, a court should consider (1) whether the particular scientific theory can be (and has been) tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has achieved general acceptance in the relevant scientific or expert community." Forrest, 429 F.3d at 80-81 (internal citations omitted). This list of factors "neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141-42 (1999) (noting that "courts of appeals are to apply 'abuse of discretion' standard when reviewing district court's reliability determination" (citing General Electric Co. v. Joiner, 522 U.S. 136, 143 (1997))).

Turning to the case at hand, the defendant's expert, George Temple, has nearly 40 years experience in the mortgage lending business and is the president of the Tidewater Mortgage Banker Association. At trial, defense counsel stated that Temple would testify about general mortgage practices and provide an opinion that mortgage brokers and lenders control the mortgage process, while borrowers often have little understanding of the process. The court noted that it would allow Temple to discuss any aspects of the mortgage process that prior witnesses had not already explained in detail. However, the court also stated that Temple would not be permitted to offer an opinion as to who "controlled" the mortgage process.

2

The court limited Temple's testimony out of concern for the reliability of his opinion as to who "controlled" the mortgage process. There is no indication that Temple's opinion is supported by any data, or accepted by his peers within the mortgage lending community. Furthermore, while his experience in the mortgage lending business may qualify Temple to testify generally about the mortgage process, it does not qualify him to provide a broad, generalized opinion as to who "controls" the mortgage process. In addition, Temple's knowledge of this case is based solely on his review of the mortgage documents at issue in the case. He does not profess to have any knowledge of the practices or procedures followed by the various entities involved in this case. Mindful of these concerns, the court found that Temple's opinion lacked the relevance and reliability required by <u>Daubert</u>. As a result, the court limited Temple's testimony in the manner previously described.

The Clerk is **REQUESTED** to send a copy of this opinion to all counsel of record.

/s/ Jerome B. Friedman
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Va.
October 8, 2010