IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:10cr89 |
| | ) | |
| CHARLES R. ENGLE, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S POSITION WITH RESPECT TO
SENTENCING FACTORS IN THE PRESENTENCE REPORT

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) in this case.

The government hereby represents that it has no objections to the facts, the findings or to the calculations of defendant's presentence report. The government would note however that Wilshire Credit has been absorbed by Bank of America and thus the restitution owed to Wilshire Credit should also be paid to Bank of America. The government further represents that a sentence of 46-57 months, would satisfy the statutory factors in 18 U.S.C. § 3553(a).

**I.    Evidence**

With respect to evidence and testimony, if necessary, the United States will call Special Agent Robert Nordlander to the witness stand to address the defendant's objections to the PSR.

**II.    Defendant's Objections**

With respect to the defendant's objections, the government notes that the vast majority of the objections to the PSR do not impact the sentencing guidelines calculations. Rather these objections

are factual objections that contradict the evidence introduced in this case and the jury's verdict based upon that evidence. Those objections are without merit and should be overruled. The government will address the defendant's objections to loss calculation.

The defendant objects to any claimed loss amount. More specifically, the defendant argues that there is no basis for a finding of actual loss where it was "not reasonably foreseeable to Mr. Engle that there would be any loss."

Under Application Note 3 to Section 2B1.1 of the United States Sentencing Guidelines, loss is defined as the greater of the actual loss or intended loss. Actual loss is further defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. §2B1.1, cmt. n.3(A)(i). In determining the estimation of the loss, a court "need only make a reasonable estimate of the loss." U.S.S.G. §2B1.1, cmt. n.3(C). The Guidelines further state that the "estimate of the loss shall be based on available information, taking into account, as appropriate and practicable under the circumstances, factors such as the following: (i) The fair market value of the property unlawfully taken or destroyed; or, if the fair market value is impracticable to determine or inadequately measures the harm, the cost to the victim of replacing that property." U.S.S.G. §2B1.1, cmt. n.3(C)(i).

The United States must establish loss by a preponderance of the evidence. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). That loss need not be determined with precision, "a reasonable estimate of the loss, given the available information," is sufficient. Id. A preponderance of the evidence in this case establishes that Bank of America suffered a loss in the amount of $269,529.25 as a result of the Yarmouth Drive transaction and that IMPAC funding suffered a loss in the amount of $134,908.04 as a result of the Mason avenue transaction.

The defendant's position that the loss was not reasonably foreseeable to the defendant is without merit.  The defendant procured four mortgage loans by making a number of fraudulent assertions concerning the amount of his income.  It is reasonably foreseeable that the entire the amounts of the loans could be lost based on the defendant's fraud.  In United States v. Mallory, 709 F.Supp.2d 455, 458 (E.D.VA 2010), Judge Ellis of this Court put it best:

> The first step is to calculate the reasonably foreseeable pecuniary harm resulting from the fraud.  This amount will almost invariably include the full amount of unpaid principal on the fraudulently obtained loan, as an unqualified borrower's default is clearly a reasonably foreseeable "potential result of the offense" within the meaning of Application Note 3(A)(iv).  After all, the entire purpose of loan qualification criteria is to reduce the risk to banks that debtors will default on their loans.  Fraudulent misrepresentations concerning borrowers' qualifications cause banks to assume a risk of default and, as discussed below, a risk that the value of the collateral will decrease.  Neither of these risks would have been assumed by the lender in the absence of fraud.  Accordingly, the loss of the unpaid principal is an eminently foreseeable consequence of the fraudulent conduct.  Partial recovery of this loss through seizure and sale of collateral may reduce the net loss amount through operation of the "credits against loss" provision, but it does not diminish the foreseeability of the financial institutions' loss of the unpaid principal amounts in the first instance.

Based upon this rationale, the entire amount of the loans procured by the defendant is a reasonably foreseeable loss pursuant to Section 2B1.1 of the sentencing guidelines.  In the instant case, the defendant used false statements concerning his income to qualify for mortgage loans for which he otherwise would not have qualified.  When the defendant was unable and unwilling to continue to make those loan payments, the properties went into foreclosure and the respective financial institutions suffered losses on the loans.  These losses caused by the defendant were offset by the foreclosure sales of the respective properties lowering the actual loss to $404,437.29.  As such, the defendant's objection is without merit and should be overruled.

**III.** **18 U.S.C. § 3553(a) Factors**

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the

public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The facts of the instant case demonstrate that a sentence of 46-57 months of incarceration is sufficient, but not greater than necessary to satisfy the statutory factors.  The United States will more fully argue these factors at the sentencing hearing.

                                          NEIL H. MACBRIDE
                                          UNITED STATES ATTORNEY

By:_____/s/_____
                Joseph L. Kosky
                Assistant United States Attorney
                Attorney for the United States
                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, Virginia 23510
                Office Number (757) 441-6331
                Facsimile Number (757) 441-3205
                E-Mail Address - joseph.kosky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul K. Sun, Jr., Esquire
Ellis & Winters LLP
P.O. Box 33550
Raleigh, North Carolina 27636
paul.sun@elliswinters.com

Hunter W. Sims, Jr., Esquire
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
hwsims@kaufcan.com

Patrick H. O'Donnell, Esquire
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
phodonnell@kaufcan.com

I hereby certify that on the 3rd day of January, 2011, a true copy of the foregoing government's position paper was sent via facsimile copy to:

Jeffrey Noll
United States Probation Office
Suite 300, 101 Omni Boulevard
Norfolk, Virginia 23510
Facsimile Number: (757) 223-4650

                                                            _____/s/_____
                                                            Joseph L. Kosky
                                                            Assistant United States Attorney
                                                            Attorney for the United States
                                                            United States Attorney's Office
                                                            101 West Main Street, Suite 8000
                                                            Norfolk, Virginia 23510
                                                            Office Number (757) 441-6331
                                                            Facsimile Number (757) 441-3205
                                                            E-Mail Address - joseph.kosky@usdoj.gov