AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

FILED
JAN 13 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

Case Number:   2:10cr00089-001

CHARLES R. ENGLE

Defendant.

Defendant's Attorney:
Patrick H. O'Donnell; Paul K. Sun, Jr.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1-12 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18 USC 1344 | Bank Fraud | Felony | August 2006 | 1 |
| T. 18 USC 1342 | Wire Fraud | Felony | August 2006 | 2-10 |
| T. 18 USC 1341 | Mail Fraud | Felony | August 2006 | 11-12 |

The defendant has been found not guilty on Counts 14 and 15 and is discharged as to such counts.

On motion of the United States, the Court has dismissed Count 13.

As pronounced on January 10, 2011, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this  12  day of January, 2011.

/s/
Jerome B. Friedman
Senior United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 2 - Imprisonment

Page 2 of 6

Case Number: 2:10cr00089-001
Defendant's Name: CHARLES R. ENGLE

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWENTY-ONE (21) MONTHS. The term consists of 21 months on Count One through Count Twelve, all to be served concurrently.

The defendant shall surrender for service of the sentence at the institution designated by the Bureau of Prisons on or before February 14, 2011, as notified by the United States Marshal.

If the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Marshal at 324 W. Market Street, Suite 234, Greensboro, NC 27401, by 9:00 a.m. on February 14, 2011, to begin service of the sentence.

If defendant is unable to arrange transportation to the designated institution, the United States Marshal will arrange transportation for the defendant.

The Court makes the following recommendation to the Bureau of Prisons:

1) That the defendant be incarcerated in the facility at Butner, North Carolina, or in a facility as close to North Carolina as possible.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
    Sheet 3 - Supervised Release

Page 3 of 6

Case Number:     2:10cr00089-001  
Defendant's Name:     CHARLES R. ENGLE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE YEARS. This term consists of FIVE YEARS as to Counts 1-11 and THREE YEARS as to Count 12, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

As reflected in the presentence report, the defendant presents a low risk of future substance abuse, and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 USC 3563(a)(5). This does not, however, preclude the U.S. Probation Office from administering drug tests as they deem appropriate.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 3A - Supervised Release

Page 4 of 6

Case Number:        2:10cr00089-001  
Defendant's Name:   CHARLES R. ENGLE

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer access to any requested financial information.

3) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

4) The defendant shall pay for the support of his children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

5) The defendant shall perform 100 hours of community service as directed by the Probation Officer.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

Case Number:       2:10cr00089-001  
Defendant's Name:  CHARLES R. ENGLE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $262,500.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 5 | $100.00 | $0.00 | $0.00 |
| 6 | $100.00 | $0.00 | $0.00 |
| 7 | $100.00 | $0.00 | $0.00 |
| 8 | $100.00 | $0.00 | $0.00 |
| 9 | $100.00 | $0.00 | $0.00 |
| 10 | $100.00 | $0.00 | $0.00 |
| 11 | $100.00 | $0.00 | $0.00 |
| 12 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$1,200.00** | **$0.00** | **$262,500.00** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

| Name of Payee | Restitution Ordered |
|---|---|
| Bank of America<br>Post Office Box 407090<br>Fort Lauderdale, FL 33340 | $262,500.00 |
| **TOTAL** | **$262,500.00** |

Payments of Restitution are to be made payable to Clerk, U.S. District Court.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Page 6 of 6

Defendant's Name: **CHARLES R. ENGLE**
Case Number: **2:10cr00089-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately. If not paid immediately, the special assessment and restitution may be subject to penalties for delinquency and default.

Any balance remaining unpaid on the special assessment and restitution at the inception of supervision shall be paid by the defendant in installments of not less than $400.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment and restitution ordered and shall notify the court of any change that may need to be made to the payment schedule.

Interest will not accrue as long as the special assessment and restitution are paid in accordance with the schedule, or any modified schedule, set by this court.

Since this judgment imposes a period of imprisonment, payment of the monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, United States District Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment by the United States.

The defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until the monetary penalties imposed by this judgment are fully paid.